R. M. MANLEY, *Executor*, v. M. E. LARKIN *et al.*

No. 10684.

JUDGMENT BY CONFESSION—*in favor of estate of which debtor is a devisee, void as to existing creditors.* A confession of judgment, by an insolvent debtor, in favor of the executor of an estate in which he is interested as a devisee, is void as to existing creditors because upon a secret trust in the debtor's favor.

Error from Atchison District Court. W. D. Webb, Judge. Opinion filed July 8, 1898. *Affirmed.*

*B. F. Hudson* and *L. F. Bird*, for plaintiff in error.
*Waggener, Horton & Orr*, for defendants in error.

DOSTER, C. J. The only facts necessary to be stated to disclose the decisive question in this case are : That R. M. Manley was a devisee under the will of George

Manley, deceased, and entitled to a one-seventh interest in his estate; that he was personally indebted to George Manley, in his lifetime, in the sum of $78,-152, and confessed a judgment for that amount in favor of William H. Risk, the executor of the estate; that at that time he was insolvent; that he was also at that time indebted to the Central Savings Bank, of St. Joseph, Missouri, in the sum of $10,655 on promissory notes he had executed to it as surety for the Kansas Trust and Banking Company; that this Company was also at that time insolvent; that the Central Savings Bank recovered judgment upon the debt due to it, but at a date subsequent to the confession of judgment in favor of the George Manley estate; that R. M. Manley has succeeded William H. Risk as executor, and that he, as executor, and the Central Savings Bank are each claiming a prior right to satisfaction of their respective judgments out of the individual property of R. M. Manley. The question at issue relates to the validity of the judgment by confession, in favor of the estate, as against the judgment in favor of the Central Savings Bank. The District Court, upon this question, decided in favor of the Central Savings Bank. Error is prosecuted to this court.

The decision was correct. R. M. Manley was the owner of a one-seventh interest in the estate in the hands of William H. Risk as executor. When he confessed judgment in favor of Risk, he confessed judgment in favor of himself. That judgment became by law a lien upon the real estate of R. M. Manley. The act of confessing it was the giving of a lien to himself upon his own property for the security of a debt due to himself. It requires no argument to demonstrate that Manley could not do these things directly; that is, he could not confess a judgment in his own favor which would operate as a lien upon his own land for

his own security. Neither could he do it indirectly, in the name of an agent or trustee, as the judgment creditor. When done by him, as it was, in that way and in the name of that kind of person, it operated as a secret trust in his own favor. But it operated no more effectually to his own interest and advantage than though it were done openly and directly. Though done secretly and indirectly, the law reprehends it as much as though it had been done openly and directly. The cases are numerous and emphatic to the point that conveyances of property and other like acts performed by insolvent debtors, by means of which reservations of advantage are secretly secured to themselves, are inoperative and void as against existing creditors.

In Bump on Fraudulent Conveyances (4th ed.), § 174, it is clearly and tersely stated, that while a debtor may prefer a creditor —

" The terms upon which the property is transferred *must be free from all engagements to deliver any portion* of it for the benefit or advantage of the debtor, for the law will not tolerate *any* contrivance whereby the debtor devotes his property to certain creditors in preference to the rest, with the secret reservation of a *possible* interest to himself. If the preference, therefore, is merely a temporary arrangement to prevent a sacrifice of the property and preserve the rights of all to an equal distribution, with an understanding that the property shall constitute a part of an assignment to be subsequently executed, it is fraudulent. . . . Creditors *also are not allowed to gain a preference by means of a secret undertaking to hold a part of the property for the benefit of the debtor.* The law looks with great jealousy upon the manner of giving preferences, and denounces all departures from good faith, and requires that the parties shall not secure any covert advantage to the debtor in preference of his creditors."

The same doctrine is again stated and illustrated by the same writer on pages 208–212. It has been ap-

plied by the courts in very many cases.  See, *Connelly v. Walker*, 45 Pa. St. 449 ; *McClurg v. Leckey*, 3 P. & W. (Pa.) 91 ; *White v. Graves*, 7 J. J. Marsh. (Ky.) 524 ; *Sims v. Gaines*, 64 Ala. 396 ; *Moore v. Wood*, 100 Ill. 454 ; *Beidler v. Crane*, 135 id. 98 ; *Bostwick v. Blake*, 145 id. 85 ; *Young v. Heermans*, 66 N. Y. 382.  The principle of these cases is applicable to a confession of judgment upon a secret trust in favor of the debtor. Had R. M. Manley executed to the executor a mortgage for the security of the debt due to the estate, instead of confessing judgment in favor of the executor, its invalidity as a conveyance upon a secret trust would have been at once recognized.  The result is in no wise different because instead of executing a mortgage he executed a confession of judgment by which a lien of another kind in favor of himself was secretly given. The reason in equity for the rule is apparent.  That rule has been given legislative effect in sections 1 and 2 of the Statute of Frauds.  They read as follows :

" 1.  All gifts and conveyances of goods and chattels, made in trust to the use of the person or persons making the same shall be void and of no effect.

" 2.  Every gift, grant or conveyance of lands, tenements, hereditaments, rents, goods or chattels, and every bond, judgment or execution made or obtained with intent to hinder, delay or defraud creditors of their just and lawful debts or damages, . . . shall be deemed utterly void and of no effect."  Gen. Stat. 1897, ch. 112, §§ 1, 2.

In the case of *Kayser v. Heavenrich*, 5 Kan. 325, it was held that an assignment for the benefit of creditors, one of whom was a firm of which the assignor was a member, was void because in secret trust for the benefit in part of the debtor.

But it may be said that the judgment by confession was not alone upon a secret trust in favor of the judgment debtor ; that it was principally in favor of the

other devisees under the will of George Manley. This is true, but the judgment was an entirety. The interest of R. M. Manley in it cannot be separated from the interest of the other devisees. The law will not withhold its condemnation because some innocent person may be prejudicially affected by the sentence which must be pronounced upon the act of the person with whom the innocent were associated. There is no way to separate the bad from the good, and, in such case, as a rule, the law invalidates the whole. In the case of *Kayser v. Heavenrich*, supra, the precise objection here noted was met, and held to be unavailing. In that case the court, among other things, said :

" It is not denied that a part of the trust for which this assignment was made was for the benefit of the maker thereof, and was so far void, but it is contended that it is only void as to such case, and that the property assigned must be distributed *pro rata* among the other persons named as creditors. . . . Every part of the assigned property was held in trust for the payment of this claim for the benefit of one of the assignors. Had a certain definite portion of the property been assigned to pay this particular claim, and the other portions of the estate been designated to pay the other claims, it would have presented a different question, and according to some of the authorities, the void part of the assignment might have been so held without tainting the whole instrument; but in this case, the whole conveyance was for the payment of this claim for the maker's use.

" It can make no difference that this claim was but small compared with the general indebtedness. It was an essential part of the whole trust, pervading every part, as much as though it constituted nineteen-twentieths of the trust estate. The conveyance was in trust for the maker's use, and it cannot make any difference that others were interested in the trust when any person, having a right so to do, contests the validity of the conveyance."

But it may be urged that the debt on which judg-

ment was confessed was *bona fide*. The court so found, and as to that the finding is conclusive. This fact, however, is immaterial. The fraud does not consist in a lack of consideration for the judgment, but in the secret elevation of the judgment debtor to a position of superior advantage over his creditors. His preference of himself in the name of the executor, is the reprehensible act. Let it be observed that R. M. Manley by his confession of judgment did not prefer the other six devisees, in whose behalf in part the confession was made. Had the judgment been collected in full, no question could have arisen between him and the other devisees. He, as far as concerns them, could have taken his distributive portion of the amount. On the other hand, if the judgment had not been collected in full, the executor would have possessed no power to apply R. M. Manley's one-seventh portion to the payment of any deficiency due upon the other six-sevenths. In the event of such deficiency occurring, some legal process might be employed by which R. M. Manley could be compelled to make it good to the other devisees out of his seventh interest; but, until compelled to do so, his seventh interest is his own, and hence the confession of judgment in favor of the executor cannot be viewed as a preference of his fellow devisees.

In conclusion, it may be said that, in such cases as this, the law ought to uphold the transaction because no actual fraudulent intent existed. Not so, however. If a necessary effect of an act is to put creditors at a disadvantage and at the same time to secure an advantage to the debtor, the law esteems the act to be fraudulent. *Kayser v. Heavenrich*, supra.

The judgment of the court below is therefore affirmed.