Oscar A. Boline v. Eliza J. Wilson.
No. 14,894   (89 Pac. 678.)

Parties—*Action on a Note—Title.*   In an action on a note the
rule applied that the defendant has no right to contest the
title to the note further than is necessary to preclude his
future liability thereon.

Error from Lyon district court; Frederick A.
Meckel, judge.   Opinion filed March 9, 1907.   Affirmed.

*Edwin S. Waterbury,* for plaintiff in error.

*C. K. Judd,* for defendant in error; *Lambert & Huggins,* of counsel.

*Per Curiam:* The court is unable to discover any
just cause for the defendant to complain of the judgment against him.   He gave the note in suit, and has
never paid it or offered to pay it.   He had no right to
contest the title to the note further than was necessary
to preclude his future liability upon it.   It was no
concern of his if there were unadjusted matters between the plaintiff and the bank, provided a judgment
against him in favor of the plaintiff would relieve him
of responsibility to the bank.   The plaintiff did in fact
always own the note.   The surrender of possession of
the note by the bank to the plaintiff for suit upon it
ended all possible liability of the defendant to the bank,
and the payment of the debt for which the bank had
held the note as collateral ended even the claim of the
bank on the plaintiff for a part of the proceeds.

The action as originally begun was for rent, and the
note was for the same rent.   The amendment of the
pleadings was strictly in furtherance of justice.   The
costs were taxed to the plaintiff, and the continuance
and recasting of the pleadings gave the defendant every
possible opportunity to prepare and meet the plaintiff's claim and all the claim she has against him.   Con-

sequently the defendant has suffered no harm whatever in respect to the matters involved in the principal assignments of error.

There is no dispute in the authorities that a party complaining of the conduct of a trial court must show *prejudicial* error, and under the statutes of this state this court must disregard all errors and defects in legal proceedings which do not impair substantial rights. (*Hopkinson v. Conley, ante,* p. 65.)

The verdict and findings are amply sustained by the evidence. The findings relate only to some of the facts in the case. They are entirely consistent with the general verdict, when considered in connection with other facts shown by the evidence concerning which the jury were not interrogated specially. There is evidence that the defendant got all the corn except what was paid for husking it. The jury allowed the defendant for the stalks, and even if the ninth instruction were erroneous the court is unable to see that the defendant lost anything on account of the use and occupation of the buildings. The defendant moved away without expectation of return, did not return, desired to use them neither for himself nor for others, and voluntarily surrendered the key when it was applied for. Even if there were a technical ouster no substantial damage followed.

Rule 10 not having been complied with, the claim of error respecting evidence rejected cannot be investigated.

The judgment of the district court is affirmed.