No. 21,616.

IRVING L. DONALDSON, *Plaintiff*, V. ART COX, *Appellant*, et al.
(J. D. DUNN and A. J. BELLPORT, Jr., *Appellees*).

### SYLLABUS BY THE COURT.

SPECIFIC PERFORMANCE—*Cross Petition—Issue Raised Not Triable.* Under the circumstances disclosed in the opinion, it is held that the court did not have jurisdiction to try the cause of action presented in the cross petition of one of the defendants against his codefendants.

Appeal from Harvey district court; FRANK F. PRIGG, judge. Opinion filed December 7, 1918. Affirmed.

*L. C. Kelley,* of Newton, and *C. L. Foster,* of Sedgwick, for the appellant.

*C. A. Matson,* of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: Defendant Art Cox appeals from a judgment dismissing his cross petition against his codefendants, J. D. Dunn and A. J. Bellport, jr. The plaintiff commenced this action in Harvey county to compel the specific performance of a contract to convey to him certain real estate in Scott county, or to recover damages if specific performance could not be enforced. The contract was signed by the plantiff and by Art Cox. Summons was served on Cox in Harvey county, and on Dunn and Bellport in Sedgwick county. On September 9, 1915, Dunn and Bellport appeared specially, excepted to the jurisdiction of the court, and moved to quash the summons served on them. That motion was denied November 3, 1915. They filed their answer to the plaintiff's petition on March 6, 1916. On May 23, 1916, Cox filed a cross petition against Dunn and Bellport, alleging that they had practiced fraud on Cox in an exchange of real property owned by him in Harvey county for the real property in controversy in Scott county and for other real property in the city of Wichita. In that petition Cox asked for judgment for $3,700, and for the possession of a promissory note for $1,334.95. Summons was neither issued nor served under the cross petition. On May 29, 1916, Dunn

and Bellport filed their motion to strike out certain portions of the cross petition, and to make more definite and certain other portions thereof. That motion was denied on July 1, 1916. In their counter-abstract, Dunn and Bellport say that, immediately prior to filing that motion, they lodged, against the cross petition, the motion to quash that had been previously filed against the petition of the plaintiff; and that the court found and ruled that the motion to quash had been and would be considered as lodged against the cross petition. They also say that in all proceedings had in court thereafter, the motion to quash was expressly saved and lodged against the cross petition. Cox challenges the correctness of the statement contained in the counter-abstract.

The judgment from which this appeal was taken was rendered on March 6, 1917. It recites that the cause came on for hearing on the plea to the jurisdiction filed by Dunn and Bellport, and that the pleas were designated as motions. The court found:

"That within due time after the filing of the petition in this cause, the defendants, A. J. Bellport Jr., Mrs. A. J. Bellport Jr., J. D. Dunn, J. H. Eberhard and Harry Mellor, as Eberhard & Mellor filed their motion and plea to the jurisdiction of this Court, contending among other things that the Court did not have jurisdiction of the subject matter and the persons of the defendants last above named or either of them."

The court further found:

"That the cause of action set out in said cross petition is a cause of action in law for damages and is not a cause of action existing in favor of the defendant Art Cox and against the plaintiff, and is a transitory action and that the District Court of Harvey County, Kansas, has no jurisdiction of the defendants."

The counter-abstract contains a quotation from a communication from the judge of the district court, in which he states that the question of jurisdiction had never been waived, and that the defendants had objected to the jurisdiction of the court from the start. That communication cannot be considered as a part of the record.

On February 7, 1916, Dunn and Bellport filed their demurrer to the plaintiff's petition on the grounds that the petition did not state facts sufficient to constitute a cause of action; that the court did not have jurisdiction of the defendants nor of the subject matter of the actions; that several causes of action

were improperly joined; and that there was a misjoinder of parties defendant. That demurrer was overruled on February 7, 1916. On March 6, 1917, Dunn and Bellport filed another motion to quash the service of summons, for the reason that they were not residents of Harvey county; that the summons had not been served on them as provided by law; and that the cross petition showed that the defendants were neither necessary nor proper parties defendant. On that day, the service of summons was quashed and the cross petition was dismissed. On July 3, 1917, Cox filed his motion to vacate and modify the order quashing the service of summons and dismissing the action. That motion was denied on July 16, 1917.

Cox appeals from the order quashing the service of summons and dismissing the action. He also appeals from the order refusing to vacate and modify the former order. He contends that his cross petition must be treated the same as though it had been filed in a separate action with a separate number and title; he contends that by their motion to strike out certain parts of his cross petition and to make other parts more definite and certain, Dunn and Bellport submitted themselves to the jurisdiction of the court for the purpose of trying the cause of action set out in the cross petition. Cox also urges that if he is mistaken in these contentions, Dunn and Bellport, by their answer to the plaintiff's petition, and by their appearance to that petition, were in court for all purposes. If the proceedings by Cox are treated as a separate and independent action, it was commenced in the wrong county, and the court did not have jurisdiction to try that action over proper objections. If those proceedings are not treated as a separate and independent action, and if Dunn and Bellport made timely objections, the court was without jurisdiction to try the action presented by the cross petition, for the reason that the plaintiff was not interested therein and the cause of action was foreign to that set out in plaintiff's petition.

The controversy that exists concerning the appearance to the cross petition must be resolved so as to uphold the judgment of the trial court, for the reason that the presumption is that the court proceeded regularly and according to law. The burden is on Cox to establish the contrary. He must show that the court committed error. That he has failed to do. The

court has examined the original files, and they do not reveal that the trial court committed error in rendering the judgment from which this appeal is taken.

The judgment is affirmed.