No. 23,429.

A. H. McIlvain, *Appellant*, v. Earl Blue and The Prairie Oil and Gas Company, *Appellees*.

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Employee of Subcontractor—Not Within Provisions of Compensation Act*. One within the workmen's compensation act who contracts with another to perform labor incidental to the business which brings the operations of the first within that act is not liable for compensation to an employee of the one who contracts to perform the incidental labor.

2. SAME. One who contracts to haul oil-and-gas well casing between the place where it is used and the place where it is repaired, and who employs but one workman to assist in performing the labor does not come within the provisions of the workmen's compensation act, although the one for whom the casing is hauled may come within that act.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed January 7, 1922. Affirmed.

*H. W. Schumacher, A. L. L. Hamilton,* and *J. B. McKay,* all of El Dorado, for the appellant.

*T. J. Flannelly, Paul B. Mason,* both of Independence, *G. P. Aikman, C. L. Aikman, T. A. Kramer,* and *George J. Benson,* all of El Dorado, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal from an order sustaining separate demurrers of the defendants to the amended petition of the plaintiff.

The action was to recover compensation under the workmen's compensation law. The petition alleged that the Prairie Oil & Gas Company—

"Was engaged in the various branches of the oil business in Butler County, Kansas, and in doing all things incident to the production and marketing of oil and gas. That in pursuance and furtherance of its said business the said

McIlvain v. Oil and Gas Co.

The Prairie Oil & Gas Company did some time prior to May 25, 1920, undertake to execute a part of its said business by letting a contract with its co-defendant, Earl Blue, for the execution by the said Earl Blue of part of the work and business of the said The Prairie Oil & Gas Company, to-wit:

"The loading, hauling and unloading by the said Blue for the said company of certain pipe or casing from what is known as the Redford Lease in Rock Creek Township, Butler County, Kansas, about 20 miles from El Dorado, Kansas, to a machine shop in El Dorado, Kansas, which said machine shop had been employed by said The Prairie Oil & Gas Company to repair said casing. That the said casing had been used by said The Prairie Oil & Gas Company in its production of oil on said premises, and was intended to again be used by it in the producing of oil on said premises as soon as the same could be repaired. That pursuant to said contract the said Earl Blue undertook to and did load and haul said casing from said lease to the City of El Dorado, Butler County, Kansas, to said machine shop; that the said Earl Blue hired and employed this plaintiff to assist him in loading, hauling and unloading said casing. That the said The Prairie Oil & Gas Company at all times retained and exercised direct supervision over the loading, hauling and unloading of said casing and directed the said Blue and this plaintiff how to load, haul and unload the same and what casing to haul and in general directed how said casing should be hauled. That said casing was hauled as a part of the regular trade and business of the said The Prairie Oil & Gas Company, and was used and was intended to be used by it in the conduct of its said business, and that in letting the said contract to the said defendant, Blue, the said The Prairie Oil & Gas Company undertook to and did execute a part of its trade and business of producing oil through the said contract. That the said The Prairie Oil & Gas Company owns and operates a large number of oil and gas leases in Butler County, Kansas, all of which are operated under one management and by one set of workmen, who are shifted from lease to lease, and from one duty to another as occasion demands."

The petition further alleged that the Prairie Oil & Gas Company employed more than five workmen in conducting its business; that the plaintiff had offered to arbitrate; and that arbitration had been refused.

1. So far as the Prairie Oil & Gas Company is concerned, this case is controlled by the decision of this court in *Farmer v. Purcell,* 109 Kan. 612, 201 Pac. 66, where this court said:

"The owner of a sawmill had occasion to remove a quantity of sawdust that had accumulated. He arranged for his employees to feed it into a chute through which by an endless chain it was conveyed to an elevated bin from which it could be loaded into wagons by gravity. He contracted with a person to take it from the bin as fast as should be necessary to prevent such accumulation there as to delay the work, and remove it to a designated place, in consideration of the payment of a fixed price per hour. A driver employed by such person was injured while attempting to load a wagon from the bin and

sued the mill owner under the compensation act. It is held that such person was an independent contractor and the plaintiff was not an employee of the defendant." (Syl.)

Earl Blue was an independent contractor, and the plaintiff was not an employee of the Prairie Oil & Gas Company.

2. The order sustaining the demurrer of Earl Blue rests on a different foundation. Section one of chapter 226 of the Laws of 1917, the workmen's compensation act as amended, must be examined. That section, in part, reads:

"This act shall apply only to employment in the course of the employer's trade or business on, in or about a railway, factory, mine or quarry, electric, building or engineering work, laundry, natural gas plant, county and municipal work, and all employments wherein a process requiring the use of any dangerous explosive or inflammable materials is carried on, which is conducted for the purpose of business, trade or gain."

The work being done by Earl Blue was not covered by any part of the workmen's compensation act, unless his work was building or engineering as defined in section 2 of chapter 226 of the Laws of 1917. The parts of section 2 material for consideration read:

" 'Building work' means any work in the erection, construction, extension, decoration, alteration, repair or demolition of any building or structural appurtenances. 'Engineering work' means any work in the construction, alteration, extension, repair or demolition of a . . . oil or gas well."

Earl Blue was hauling pipe between the place where it was being used and the place where it was being repaired, a distance of twenty miles. He was not building anything, nor was he doing any part of engineering work. Others may have been engaged in building or engineering work, but he was not.

Another statute that should be considered, so far as Earl Blue is concerned, is section 5902 of the General Statutes of 1915. That section, in part, reads:

"It is hereby determined that the necessity for this law and the reason for its enactment, exist only with regard to employers who employ a considerable number of persons. This act, therefore, shall only apply to employers by whom five or more workmen have been (employed) continuously for more than one month at the time of the accident: *Provided, however,* That employers having less than five workmen may elect to come within the provisions of this act in which case his employees shall be included herein."

The petition did not allege that Earl Blue employed five or more workmen, nor that he had elected to come within the provisions of the workmen's compensation act. He employed only one man.

Under these statutes, the plaintiff had no cause of action against Earl Blue under the workmen's compensation act.

The judgment is affirmed.