No. 24,525.

C. W. Peavy, *Appellant*, v. C. W. Merydith Contracting Company, *Appellee*.

### SYLLABUS BY THE COURT.

Compensation Act—*Injury Intentionally Inflicted by One Employee Upon Another—Employer Not Liable.* An employee working for an employer operating under the workmen's compensation act cannot recover under that act for an injury inflicted by the foreman in an assault upon the employee, unless the employer had reason to anticipate that injury would result if the two continued to work together.

Appeal from Butler district court; Allison T. Ayres, judge. Opinion filed January 6, 1923. Affirmed.

*W. L. Cunningham,* of Arkansas City, for the appellant.

*J. B. McKay,* and *C. L. Aikman,* both of El Dorado, for the appellee.

The opinion of the court was delivered by

Marshall, J.: Plaintiff seeks to recover under the workmen's compensation act. Judgment was rendered in favor of the defendant on a demurrer to the petition. The plaintiff appeals.

The petition alleges facts to bring the defendant within the terms of the workmen's compensation act. The defendant was engaged in building a hard-surface road near Peck, situated in Sedgwick county. The plaintiff was engaged in hauling brick by team and wagon from the railroad at Peck to the place of construction of the highway. The petition alleges—

"That this plaintiff was engaged in transporting brick as aforesaid, and in performing said service was using two teams. That he had partially loaded one wagon from a car of brick and was moving said wagon to another car to complete the load. That the foreman on the job was George Hill, commonly called 'straw boss' or foreman. That the said Hill was objecting to this plaintiff hauling more than two loads per team per day. That the time keeper of the said defendant, John Sprinkle, and superior in authority to said Hill, had theretofore and about one week prior, directed this plaintiff to haul as many loads as he could each day. That while this plaintiff was engaged in said occupation, and while he was in the act of fastening the lines used in driving said team, to the standard of said wagon, preparatory to completing said load, the foreman, George Hill, in order to prevent this plaintiff from proceeding with his said work, struck him from behind, a violent blow over the head, just above the right ear, crushing the skull, knocking this plaintiff insensible, so that this plaintiff was wholly incapacitated from doing any kind or character of labor for a period of four months, resulting in a total incapacity for labor for said length of time."

In *Bevard v. Coal Co.*, 101 Kan. 207, 165 Pac. 657, this court said:

"The defendant operates two open-pit coal mines, known as the east mine and the west mine, which are about a quarter of a mile apart. They are separated by an interurban railway, which passes within about thirty yards of the west mine. A workman in the east mine was ordered by his foreman to go on a necessary errand to the west mine. When crossing the railway track the workman was struck by a car, and sustained injuries which proved fatal. In an action for compensation under the workmen's compensation act, the petition, which was otherwise sufficient, presented the foregoing facts. *Held*, a demurrer to the petition was rightfully sustained, because the accident did not occur on or in or about a mine, within the meaning of section 6 of the act."

In *Hicks v. Swift & Co.*, 101 Kan. 760, 168 Pac. 905, this language was used:

"The workmen's compensation act, being by its terms limited to injuries occurring 'on, in or about' a factory or other designated establishment, does not authorize a recovery against the owner of a packing house on account of injuries received by a truck driver while engaged in delivering meat to customers."

In *Stuart v. Kansas City*, 102 Kan. 307, 171 Pac. 913, the following language was quoted from Workmen's Compensation Acts, a Corpus Juris treatise, by Donald J. Kiser:

"An employee is not entitled to compensation for an injury which was the result of sportive acts of employees, or horseplay or skylarking, whether it is instigated by the employee, or whether the employee takes no part in it. If an employee is assaulted by a fellow·workman, whether in anger or in play, an injury so sustained does not arise 'out of the employment,' and the employee is not entitled to compensation therefor, unless in a case where the employer knows that the habits of the guilty servant are such that it is unsafe for him to work with other employees."

In *White v. Stockyards Co.*, 104 Kan. 90, 177 Pac. 522, the syllabus reads:

"An employer is liable under the workmen's compensation act for injuries sustained by an employee from an electric shock caused by a mischievous prank of his fellow workmen, when it is shown that the perpetration of such pranks had become a custom on the employer's premises, and consequently had become an incident to the employment.

"The person designated by the master to direct the work of employees is a foreman, however limited in other respects his authority may be, and the knowledge of such foreman that dangerous practical jokes were being perpetrated by some of his employees at the expense of other employees was notice to the master."

Again, in *Romerez v. Swift & Co.*, 106 Kan. 844, 189 Pac. 923, this court said:

"The deceased, with another Mexican, was engaged in trucking livers in the defendant's packing house. An altercation occurred between him and a colored ox-tail trucker resulting in a fight which was reported to the foreman. Shortly after this the colored man and another workman were engaged in trucking ox-tails, when the deceased and his partner coming along within ten or twelve feet of them were abused and called names by the colored workmen. The two Mexicans left their truck and approached the colored men and engaged in an altercation with them, during which one of the colored men stabbed and killed the deceased. *Held,* That the injury did not arise out of employment, and, therefore, the defendant is not liable."

In *McIlvain v. Oil & Gas. Co.*, 110 Kan. 266, 203 Pac. 701, it was held that—

"One who contracts to haul oil-and-gas casing between the place where it is used and the place where it is repaired, and who employes but one workman to assist in performing the labor, does not come within the provisions of the workmen's compensation act, although the one for whom the casing is hauled may come within that act."

From these cases, the rule may be deduced that an employee intentionally injured by another employee cannot recover under the workmen's compensation act unless the wrongful conduct has become habitual and the habit is known to the employer. Here there is nothing to show that the conduct of the foreman was habitual or that the employer had any knowledge of it.

The judgment is affirmed.