No. 30,212.

The Mullinville State Bank, *Appellee,* v. (Oscar Olson, *Defendant*) H. L. Olds, *Appellant.*

(7 P. 2d 37.)

Opinion filed January 30, 1932.

R. C. Eastman, of Liberal, for the appellant.

Charles M. Tucker and Charles Vance, both of Liberal, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from a decision in a proceeding in aid of execution connected with a garnishment proceeding. There was an intervention of a third party who claimed under an assignment made by the debtor. The court held against the intervener, and he appeals.

A judgment against Olson and in favor of the Mullinville State Bank was rendered in 1920. Several executions issued thereon were returned unsatisfied. On January 2, 1930, a proceeding in aid of execution was brought by the bank and at the same time a garnishment summons was issued against Oscar Olson, and also against Oscar Olson as administrator of the estate of his father, M. Olson, deceased. Oscar Olson had been given a one-seventh interest of the estate of his father. Payment of his distributive share had been ordered by the probate court. In this inquiry, held on February 15, 1930, Oscar Olson in answer to the questions asked him stated that he had $744.06, which was the balance of his distributive share of his father's estate, and this amount he was directed to pay towards the satisfaction of the bank's judgment. It appears that on February 19, 1930, H. L. Olds intervened in the proceeding and alleged that he held an assignment made by Oscar Olson on January 14, 1930, of his interest in the estate of M. Olson, deceased, and with it he set up a contract he made at the same time with Oscar Olson and his wife, Violet Olson, and also with F. S. Macey, an attorney, in which it was recited that the assignment had been made to Olds of the one-seventh interest in the estate of M. Olson; that there were other creditors claiming an interest and lien on the share of Oscar Olson; that Macey, the attorney, had been authorized by him to settle the claims of creditors as to priority, and that for the purpose of securing Macey, the attorney, a fee for his services, the one-seventh interest named was conveyed to Macey. In consideration of the assignment it was agreed that the parties would faithfully perform the contract with Macey and would account to and deliver the residue of the property to Violet Olson, the wife of Oscar Olson.

The accompanying contract was signed by Olds, Macey, Oscar Olson and Violet Olson, and under the assignment and contract the one-seventh interest to which Olson was entitled was claimed by Olds as against the bank or other creditors. The bank answered with a general denial, and also alleged that if the assignments were executed they were without consideration, and were wholly void; that they were executed for the fraudulent purpose of hindering, delaying and defrauding creditors of Olsen, and it therefore asked that the money admitted to be in the hands of the garnishee, Olson, as administrator, be paid into the court and applied on the judgment of the bank. Upon the testimony the court held that the bank was entitled to the fund in question and the application of the same to its judgment. The intervener has not, as the rules require, set out specifications of the errors complained of, but his contention as shown by his argument is that he has a right of priority through the assignment and contract with the Olsons and Macey.

On the other side it is contended that the assignment was void, that it was made in fraud of creditors and reserved to Olson's wife a preference over creditors of Olson, other than the intervener. The provisions of the transfer as disclosed by the writings show that the parties to the transfer undertook to reserve a part of the property to Olson and his wife. There was testimony that Olson was not indebted to his wife. He admitted that he owed her nothing except support as a wife, and that the only consideration for the reservation in the transfer was his indebtedness to Olds. He admitted that he had other creditors not included in the assignment. He said he believed there would be a surplus left after paying his debt to Olds, the intervener, and that this surplus was to be paid to his wife. He further stated that any money she received under the transfer would be for the use and benefit of both him and her. There was testimony, too, that he owed creditors as much or more than all of his assets, and yet in the assignment and transfer a reservation was made for the assignor's benefit, and he practically concedes that this reservation was made for his benefit. It is provided in the statute: "All gifts and conveyances of goods and chattels, made in trust to the use of the person or persons making the same, shall be void and of no effect." (R. S. 33-101.)

The plaintiff, as we have seen, raised the issue that the transfer to Olds was made for the purpose of defrauding creditors and was void for this and other grounds mentioned. On the trial, oral and

documentary evidence was produced on which the court made a general finding in favor of plaintiff. The intervener, who complains, has failed to furnish an abstract of the testimony upon which the judgment rests. He has presented some documentary evidence that was produced, but none of the oral testimony has been included by him in his abstract. It is true a part of the oral testimony was set forth in the counter abstract presented by plaintiff, but so far as it goes, it militates against the claims of the intervener.

Aside from the illegal reservation for the benefit of the debtor, there is the general finding of the court on the issue that it was done for the purpose of defrauding and delaying creditors of Olson, and as the record presented by the appellant does not show that it contains all the testimony pertinent to the issue, it cannot be said that the finding and judgment of the court are without support. The contention that the debt of Olson to plaintiff is unsupported is without merit. The judgment is affirmed.