No. 31,061.

L. L. Bennett and Dave Abels, Partners doing business as The Western Pipe and Supply Company, *Appellants,* v. Charles E. Christy et al., *Defendants;* H. R. Allen, *Appellee.*

(20 P. 2d 813.)

Opinion filed April 8, 1933.

*J. B. McKay,* of El Dorado, for the appellants.
*John L. Gleason,* of Wichita, for appellee H. R. Allen.

The opinion of the court was delivered by

Hutchison, J.: The appeal in this case is by the plaintiffs in an action in the nature of a creditor's bill from a judgment sustaining the validity of an assignment of an undivided interest in an oil and gas lease, alleged by plaintiffs to have been assigned by their judgment debtor without consideration and with intent to defraud creditors.

Appellants urge three particular errors: that the assignment of the lease was void under R. S. 33-101, because it was made in trust for the use of maker; that the plaintiffs had a *lis pendens* lien on the lease superior to the claim of the assignee; and that the judgment is not supported by the evidence.

The name of the judgment debtor was Christy. The plaintiffs held his note, and he was the original lessee in the King lease, an undivided one-fourth interest in which is here involved, a conditional option on which had been sold by Christy to Markus in a complicated drilling deal. The lease was on land in Greenwood county. In December, 1930, plaintiffs commenced an action in Sedgwick county against Christy on his note, and recovered judgment thereon February 13, 1931. Execution was immediately issued thereon and placed in the hands of the sheriff of Greenwood county, who advertised this lease for sale to satisfy the judgment. In the meantime Christy had, on January 21, 1931, after the suit was commenced but before judgment had been rendered, assigned this undivided one-fourth interest in the lease to H. R. Allen as security for his note to Allen for $850 for the purchase of an interest in an oil and gas venture in Cowley county. This assignment to Allen was not placed of record until June 24, 1931. On March 6, 1931, Christy moved the district court of Sedgwick county to open up the judgment rendered against him on February 13, and let him in to defend. This was done, but the court, after being informed of the execution in the hands of the sheriff of Greenwood county, enjoined Christy from assigning or transferring the lease during the pendency of the action. On May 2, 1931, plaintiffs filed in the office of the register of deeds of Greenwood county an affidavit showing the former judgment and execution thereon and the injunction order of the district court, as a notice of *lis pendens*. Judgment was again rendered in the district court of Sedgwick county against Christy on the note on June 29, 1931, and immediately thereafter execution was issued thereon to the sheriff of Greenwood county. The record at that time showed the recording of the assignment to Allen made January 21, and recorded June 24, 1931.

Appellants strongly rely upon the decisions in the cases of *Manley v. Larkin,* 59 Kan. 528, 53 Pac. 859, and *Mullinville State Bank v. Olson,* 134 Kan. 497, 7 P. 2d 37, as applying the provisions of R. S. 33-101, which are as follows:

"All gifts and conveyances of goods and chattels, made in trust to the use of the person or persons making the same, shall be void and of no effect."

The former case is one where a son was indebted to the estate of his father, and when sued he confessed judgment, and because he was entitled to a one-seventh interest in the estate it was held he confessed judgment in favor of himself, and it operated as a secret trust in his own favor, and the confession of judgment under the statute above quoted was void as to existing creditors. In the Olson case, *supra*, the facts were quite similar. Olson assigned to one Olds his distributive share of his father's estate under a contract which provided that the assignment was made for the purpose of securing the payment of a debt with the residue of the property to be returned to the wife of Olson to whom he owed nothing, and the court there concluded:

"An assignment by a debtor to one of his creditors in which he reserves to himself and for his own use and benefit a portion of the assigned property amounts to a fraud on other creditors, is void, and of no effect." (Syl. ¶ 1.)

Appellants maintain the facts in the instant case are similar to those in the two cases just cited, in that the assignment of the lease to Allen by Christy to secure a debt much smaller than the value of the lease assigned was in effect a secret reservation to himself of all the residue after paying the Allen debt and it was void as being in fraud of other creditors. The distinction between the case at bar and the two cases cited is that fraud was found in both of those cases and none was found in this case, although it was fully and sufficiently alleged in the petition. The court found in the instant case that Christy was indebted to Allen, which was evidenced by a promissory note, and that Allen had a valid and first-mortgage lien on Christy's interest in the lease to secure the indebtedness of Christy to him. The court also found that Allen took this lien subject to the option of Abe Markus. Under these findings, and particularly the failure of the court to find any fraud or fraudulent intent, as alleged in the petition, the case at bar does not come under the provisions of the trust statute above quoted nor the forcible application of them in the two decisions cited. Not only was it necessary under the trust statute to establish an intention on the part of the debtor to defraud his creditors, but fraud on the part of the assignee should also have been shown, which was not done in this case.

"One who in good faith and for a valuable and sufficient consideration purchases a tract of land, will be protected in such purchase, although the grantor was in debt and intended by such sale and conveyance to hinder, delay, and defraud his creditors." (*Farlin v. Sook*, 30 Kan. 401, syl. ¶ 2, 1 Pac. 123.)

The fact that the value of the interest assigned amounted to more than the debt secured thereby, which would naturally leave a residue for the assignor, does not in and of itself make the assignment fraudulent, but it is in harmony with the usual and general rule in securing obligations. Neither does the fact alone that there is or will be such residue make such assignment a gift or conveyance in trust for the assignor as mentioned in the statute above quoted.

As to the feature of *lis pendens* and the failure of Allen to record the assignment of the lease to him until five days before the final judgment was rendered and execution issued against the lease, it should be noted that both parties recognize that an assignment of an interest in an oil and gas lease is governed by the recording acts relating to real property (R. S. 67-221 and 67-223), as was held in *Derby Oil Co. v. Bell,* 134 Kan. 489, 7 P. 2d 39:

"An ordinary oil and gas lease is a conveyance of such an interest in real property as to come within the provisions of R. S. 67-221 and 67-223." (Syl. ¶ 2.)

The provisions of the recording act just cited determine the rights of the parties here involved rather than the provisions of the *lis pendens* statute, R. S. 60-2601 and 60-2602, for it has regularly been held that a judgment creditor is not a purchaser for a valuable consideration, as he must be to avail himself of the benefits of the provisions of the recording act above cited.

"R. S. 67-223 is for the protection of a purchaser of real property for a valuable consideration without actual notice of an outstanding unrecorded conveyance." (*Edwards v. Myers,* 127 Kan. 221, syl. ¶ 1, 273 Pac. 468.)

In the case of *Fitzgerald v. Fitzgerald,* 97 Kan. 408, 155 Pac. 791, it was said:

"Judgments are liens on the real estate of the judgment debtors. (Civ. Code, § 416.) Judgment lien holders are not purchasers. Their liens are upon the lands and tenements of their debtors, and not upon lands not in fact belonging to their debtors. (*Swarts and Others v. Stees and Bryan & Hardcastle,* 2 Kan. 236, 241.) They are never considered *bona fide* purchasers, even if purchasers at all." (p. 412.)

"While our own statute (Gen. Stat. 1915, § 2070) provides that an unrecorded deed shall be valid only between the parties or such as have actual notice thereof, it may doubtless be safely said that such an instrument is to be given full force except as against the claims of innocent purchasers for value, or persons having equities of substantially equal strength. Thus, a creditor of the holder of the apparent title to land can take no benefit from the failure of the real owner to record his deed." (*Nuckles v. Tallman,* 106 Kan. 264, 266, 187 Pac. 654.)

The finding of the trial court in favor of the validity of the indebtedness due Allen from Christy on his note, to secure which the assignment of this lease was made January 21, 1931, makes Allen entitled to a lien for a valuable consideration, viz., the sale of an interest in the Cowley county well, and he did not have to record his assignment to protect himself against the claims of a judgment creditor obtaining his judgment in another county and transferring it to the county of the lease after the recording of the assignment. The verified statement as to a judgment obtained and later set aside and injunction granted against an assignment, filed with the register of deeds in the county where the land was located on which the lease was executed, might bind other creditors or give a priority between them but could not affect the rights of the assignee of the lease for value executed prior to the filing of any such *lis pendens* notice.

Appellants cite and rely strongly upon the forceful language in the decision of the case of *Smith v. Worster,* 59 Kan. 640, 54 Pac. 676, where the grantee of an unrecorded deed to real estate, sold him subject to a prior mortgage, had actual knowledge of the pendency of the foreclosure proceedings and had never been in possession of the land, was held, in an action to quiet title, to be a purchaser *pendente lite,* the action being between him and the purchaser at the sheriff's sale. But toward the close of the opinion the following distinction was plainly made between cases where purchasers are mortgagees for value, as all parties were in that case, and where some of the parties involved were judgment creditors.

"The decision in the case was rested upon the further ground that a mere judgment creditor is not a *bona fide* purchaser and parts with nothing to acquire his lien, as does a purchaser for value; and, as a further ground of distinction, not adverted to in the case because not necessary to the decision, it may be remarked that a case in which a general judgment only, and not a specific lien is sought, is not a *lis pendens* as to third parties. No one not a party to such case can be charged with notice of it until the judgment is obtained, and inasmuch as the statute rests the lien of such judgment only upon actual and not apparent interests, the judgment itself does not become *lis pendens* as to the actual owner of the land. If in such case a sale were made with the conveyance or mortgage still unrecorded, the purchaser would acquire the land to the exclusion of the real owner, not because the suit, or judgment, or levy, or sale, or all of them together, constituted a *lis pendens* as to the grantee or mortgagee of the unrecorded instrument, but he would acquire it as he might do by voluntary conveyance from the owner of the

apparent title, that is, because he would buy in ignorance of the real owner-ship of the land." (p. 646.)

Appellants contend that the evidence was insufficient to support the findings of the trial court as contained in the journal entry, urging particularly the misleading and incorrect statements of op-posing parties to the court when the injunction in the Sedgwick county case was issued, and the failure to prove the fact of the acknowledgment of the assignment by the assignor before a notary. Any misstatements made to the court with reference to the assign-ment of the lease, when the injunction was granted, are to be re-gretted, but the ultimate merits of the case are not affected thereby since the injunction was ineffectual, and the evidence as to the execution of the assignment could very easily have been understood as including or not including the acknowledgment of the assignment of the lease in connection with the signing of it if the matter had been pursued further in cross-examination to develop such omission, if any. However, the main question raised by the pleadings con-cerning the acknowledgment of the assignment was the date of such acknowledgment, and the evidence plainly shows the date.

We find no error in the findings of the trial court nor in the judg-ment as rendered.

The judgment is affirmed.