No. 37,860

Raze Johnson, *Appellant*, v. Guggenheim Packing Company and General Accident, Fire and Life Assurance Corporation, Insurance Carrier, *Appellees*.

(215 P. 2d 178)

Opinion filed February 28, 1950.

*Richard Hollingsworth*, of Wichita, argued the cause, and *Clarence R. Sowers*, of Wichita, was with him on the briefs for appellant.

*Wayne Coulson*, of Wichita, argued the cause, and *Howard T. Fleeson*, *Homer V. Gooing*, *Paul R. Kitch*, *Dale M. Stucky* and *Donald R. Newkirk*, all of Wichita, were with him on the briefs for appellee.

The opinion of the court was delivered by

Price, J.: This is a workmen's compensation case. The commis-

sioner denied recovery. On appeal to the district court this ruling was affirmed and claimant has appealed.

The question before us is whether an injury sustained by an employee in an affray with a fellow employee is compensable under the workmen's compensation act.

Claimant and one H were employees of respondent packing company. Claimant's duties were to carry quarters of beef from a loading dock to a refrigerator car. As he would unhook the beef from a rail inside the dock it was H's duty to remove the hook from the beef so as to enable claimant to walk off with it toward the car. On the day in question claimant picked up a quarter of beef in the usual way but H did not remove the hook as he was supposed to do. Claimant yelled at him to take it out and the latter made some sort of reply, the nature of which is not shown by the evidence, whereupon claimant "turned and let the hind roll off of his shoulder and threw it back into this fellow's (H's) leg." Claimant then stepped back three or four steps. H grabbed a car hook, made of steel and about eighteen inches long, jumped down from the platform, raised the hook above his head with both hands and struck claimant on the head. The blow knocked claimant down between the building and a railroad car where he lay unconscious until removed to a hospital. As the result of the blow it was necessary to remove one of claimant's eyes. Claimant testified that H didn't have any reason to hit him; that he didn't know why H did it; that he and H had been friends "and is a friend of his now in a way." The plant foreman was a witness to the incidents leading up to the actual blow and he testified that H had worked at the plant for several months; was a good worker; had never been in any other fights; that he and claimant had gotten along fine together and that both men were mild-mannered and not fighting men.

A portion of the examiner's findings is:

"The evidence failing to show affirmatively that the employer had reason to anticipate injury would result if these two men continued to work together, our courts have held that such injury does not arise out of and in the course of the employment."

and his conclusion was:

". . . that claimant did not meet with personal injury by accident arising out of and in the course of the employment with respondent; and that award of compensation should be denied."

On appeal to the district court the case was heard on the transcript of the evidence taken before the examiner and the court

adopted the findings and conclusion of the examiner and denied recovery—hence this appeal.

Did claimant sustain a "personal injury by accident arising out of and in the course of employment" within the meaning of the workmen's compensation act? (G. S. 1935, 44-501.)

In his application for compensation claimant refers to the incident as an "accident," but in this court he states the question thusly:

"In an application for compensation by a workman who was assaulted by a fellow-employee in the course of his employment, did the Commissioner and trial court err in finding that the claimant did not meet with personal injury by accident arising out of and in course of the employment."

But even though this concession on the part of claimant were not made we would be compelled to hold that the lower court's findings that the injury was sustained as a result of an assault by a fellow employee and that it did not affirmatively appear the employer had reason to anticipate injury would result if claimant and H continued to work together, are supported by substantial, competent evidence and therefore will not be disturbed on appeal. (*Hilyard v. Lohmann-Johnson Drilling Co.*, 168 Kan. 177, 211 P. 2d 89.)

Claimant's argument is based on the proposition that he and H were friends; had had no previous trouble or quarrels; that the assault could be traced to no other cause than an act in the performance of their employment, and that he was assaulted because he was an employee doing his employer's work. He cites numerous authorities from other jurisdictions to the effect that in a situation such as we have here it can be said there is a causal relation between the employment and the assault where a rational mind is able to trace the injury to a cause set in motion by the nature of the employment or some condition, obligation or incident in connection therewith. He concedes, however, that "the Kansas cases seem to hold that injuries from assault by one employee upon another are not compensable," but contends that the Kansas rule has no foundation in logic or the statute.

Be that as it may, many cases of this type have been before this court, and in a long line of decisions it has been held that an employee cannot recover under the workmen's compensation act for an injury inflicted in an assault upon him by another employee unless the employer had reason to anticipate that injury would result if the two continued to work together.

In *Peavy v. Contracting Co.*, 112 Kan. 637, 211 Pac. 1113, 29 A. L. R. 435, after a review of our earlier decisions, it was held that an employee intentionally injured by another employee cannot recover under the workmen's compensation act unless the wrongful conduct has become habitual and the habit is known to the employer.

In the recent case of *Addington v. Hall*, 160 Kan. 268, 160 P. 2d 649, involving the death of an employee as the result of an affray with a fellow employee, the authorities were reviewed and it was held:

"Following *Peavy v. Contracting Co.*, 112 Kan. 637, 211 Pac. 1113, it is held that unless it affirmatively appears from the record that an employer had reason to anticipate injury would result if two workmen continued to work together, injuries suffered by one workman in an affray with the other which result in death are not conmensable under provisions of workmen's compensation act."

and in the court's opinion it was said:

". . . Many decisions are also cited from other jurisdictions. They, too, have been examined, and while it must be conceded some of them are authority for the proposition that assaults are compensable if an altercation resulting in injury took place during the course of the employment, irrespective of whether it arose out of employment, they are based on other statutes and not in harmony with our decisions."

It therefore follows that the ruling of the lower court was correct and its judgment is affirmed.