No. 38,461

O. ROTHMAN, *Appellant,* v. GLOBE CONSTRUCTION COMPANY, and ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY, *Appellees.*

(235 P. 2d 981)

Opinion filed October 6, 1951.

*Kurt Riesen,* of Wichita, argued the cause, and *Fred W. Aley, Robert B. Morton, John Jay Darrah* and *Robert C. Allan,* all of Wichita, were with him on the briefs for the appellant.

*John F. Eberhardt,* of Wichita, argued the cause, and *George Siefkin, George B. Powers, Samuel E. Bartlett, Carl T. Smith, Stuart R. Carter* and *Robert C. Foulston, Jr.,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is a workmen's compensation case. Upon the record the trial court found that the injuries suffered by claimant-appellant did not rise out of and in the course of his work with respondent-appellee and rendered judgment in favor of respondent denying the claim. Claimant brings the case here and contends the lower court erred in the following:

1. Failing to read and consider the transcript of evidence taken before the examiner for the workmen's compensation commissioner prior to making its findings and decision on appeal;

2. Misapplying the law to the facts;

3. Making its findings of fact and decision without sufficient, competent and substantial evidence on which to base the same;

4. Finding claimant's injuries did not arise out of and in the course of his employment.

Appellant first contends that the trial court rendered judgment after listening to arguments on behalf of counsel for the respective parties without having reviewed the evidence taken by the examiner for the workmen's compensation commissioner (G. S. 1949, 44-556). We have examined the record carefully and at no place does it affirmatively appear that the trial court failed to read the record of the testimony taken at the hearing prior to making its decision in this case. It has long been the rule of law in this court that where the record fails to show what action was taken by the trial court with reference to some particular matter in a proceeding, it will be presumed, in the absence of an affirmative showing to the contrary, that the action of the court was regular and in accordance with the law. (*In re Wright,* 74 Kan. 409, 89 Pac. 678.) Error is never presumed; it must always be shown, and if it is not affirmatively shown, it will be presumed that no error was committed. (*Robertson v. Labette County Comm'rs,* 124 Kan. 705, 711, 261 Pac. 831; *Donaldson v. Cox,* 103 Kan. 791, 793, 176 Pac. 647; Hatcher's Kansas Digest, Appeal and Error, § 408-½).

We will consider appellant's second, third and fourth specifications of error under one heading inasmuch as all the points are raised under his third assignment of error.

Under G. S. 1949, 44-556, appellate jurisdiction of this court in compensation cases is confined to reviewing questions of law only. In doing so, it is necessary to determine whether the record contains any evidence which tends to support the judgment rendered, and

in so considering, this court is required to view all testimony in the light most favorable to the prevailing party below. If when so considered, the record contains any evidence which supports the trial court's judgment, that judgment must be affirmed; being conscious at all times of the fact that this court has little concern with disputed questions of fact in ordinary law suits and none whatever in workmen's compensation cases, except to ascertain whether the record contains any evidence which on any theory of credence would justify the trial court's finding or conclusion of fact. (*Addington v. Hall,* 160 Kan. 268, 160 P. 2d 649; *Woodring v. United Sash & Door Co.,* 152 Kan. 413, 417, 103 P. 2d 837; *Johnson v. Arma Elevator Co.,* 146 Kan. 965, 967, 73 P. 2d 1018; *Bull v. Patti Const. Co.,* 152 Kan. 618, 628, 106 P. 2d 690; *Leamos v. Wilson & Co.,* 136 Kan. 613, 616-617, 16 P. 2d 490; *Shay v. Hill,* 133 Kan. 157, 158, 299 Pac. 263; *Vocke v. Eagle-Picher Co.,* 168 Kan. 708, 709, 215 P. 2d 185..

It would serve no useful purpose for this court to go into and set out at length all the testimony disclosed by the record, and inasmuch as only questions of law have been raised, we will limit our review to questions of law only.

The single question here involved is whether the court's finding that claimant's injuries did not arise out of and in the course of his employment is sustained by sufficient evidence. While this court has the same transcript before it as had the district court, it is not the province of this court to determine whether the evidence duly weighed and considered supports one conclusion better than another; the sole question is: Was there evidence, whether opposed or not, warranting the judgment of the court below? Examination of the record reveals there was sufficient evidence upon which the court could base its findings of fact and its legal conclusion therefrom that the injuries to the claimant did not arise out of and in the course of his employment.

The judgment of the lower court is affirmed.

SMITH, J. (dissenting): I dissent. My reason therefor is that I am satisfied from the entire record that the claimant did not have a fair trial.

PARKER and WERTZ, JJ, concur in the foregoing dissent.