G. N. MOSES, *as Administrator of the Estate of John M.
Becker*, v. WILLIAM HOFFMASTER.

No. 12,531.   (67 Pac. 459.)

SYLLABUS BY THE COURT.

JURISDICTION — *Revivor—Appearance by Administrator.* An
action against a deceased person was revived in the name of the
administrator with his consent, and afterward a judgment by de-
fault was taken against him in the action. He afterward filed
his motion alleging that he had a good defense to the action
and asked that the default be set aside, and for such other and
further relief as seemed to the court to be proper and right;
*Held*, that by such appearance in court he has waived any right
which he might have had to insist that the court had no juris-
diction over the person of the decedent.

Error from Barton district court; ANSEL R. CLARK,
judge. Opinion filed January 11, 1902. Affirmed.

Moses v. Hoffmaster.

## STATEMENT.

ONE John M. Becker, for several years before the 1st day of August, 1897, had been an actual resident of Rawlins county, Kansas.   He was a bachelor, and lived upon and farmed a half-section of land which he owned in that county.   He was erratic in his habits and was thought by some to be of unsound mind. On the 1st day of August, 1897, he left his home in Rawlins county with his wagon, team, and a few neccessary cooking utensils and other conveniences for camping out, and came to the home of William Hoffmaster, in Barton county, where he stayed and worked for Mr. Hoffmaster for about six weeks.   He then, with his team and wagon and other belongings, journeyed through the Indian territory into Texas, where he passed the time until about the 1st of March, 1898, when he again returned to Mr. Hoffmaster's place, where he worked until the 8th day of April, 1898.   On that day he shot and killed the daughter of Mr. Hoffmaster and set fire to his barn, which was consumed, to the great damage of the owner.   He made his escape and concealed himself, but in the course of a day or two was taken into custody by the sheriff of Barton county by virtue of a warrant issued by a justice of the peace, charging him with the murder of the young lady.   He was removed to the jail of Reno county, where he remained until the 25th of April.   On the 11th of April, Mr. Hoffmaster commenced a civil action in the district court of Barton county to recover from Becker damages caused by the burning of the barn, and caused writs of attachment to be issued to the sheriffs of Barton and Rawlins counties, which attachments were levied upon the property of Becker in both counties.

These writs were duly returned to the district court of Barton county with the doings of the sheriffs thereunder indorsed. thereon. At the same time summons was issued to the sheriff of Barton county for Becker, which was returned not served on the 20th day of April. On the 25th day of April Becker was brought from Hutchinson before a justice of the peace of Barton county for his preliminary examination, and on this date an alias summons was issued and served upon Becker while in custody. Becker was returned to the jail of Reno county and remained there until June 13, when he was brought by the sheriff back to Barton county that his motion for a change of venue in the criminal case might be heard before the district court of that county. At this time a third summons was served upon him in the Hoffmaster case. On the evening of that day Becker was taken from the custody of the sheriff by a mob and hanged.

Becker had filed on June 4, in the Hoffmaster case, a motion to quash the summons which had been served upon him on April 25, for the reason that he was exempt from service while in custody and that he could not be legally served with summons in Barton county, because brought there by the officers against his will. This motion had not been disposed of at the time of his death. Shortly after the death of Becker, plaintiff in error was duly appointed administrator of his estate, and on June 21 there was filed in the district court a motion by Hoffmaster setting up the facts of the commencement of his said case against Becker, the issuance of the summons and orders of attachment and the levy of the same; that the second summons was issued on the 25th day of April, and that the same was duly served on the same day by the sheriff of Barton county; that Becker had died intes-

tate on the 13th day of June, and that plaintiff in error, Moses, had been duly appointed his administrator, and asked that the action might be revived against Moses as such administrator.   Upon this motion said administrator made the following indorsement :

"State of Kansas, Barton county, ss. :   I, G. N. Moses, administrator of the estate of John M. Becker, deceased, hereby waive notice of the above application and motion to revive the foregoing action against me as administrator of the estate of John M. Becker, deceased, and consent that said order of revival may be made by the district court of Barton county, Kansas, on the 22d day of June, 1898, or as soon thereafter as may suit the convenience of the said court.

"Given under my hand, this the 21st day of June, 1898.                                 G. N. MOSES,
*Administrator of the estate of John M. Becker, deceased.*"

The action was thereupon revived in the name of the administrator.   No further appearance was made by the administrator until the 9th day of November, 1898.   Prior to that date a default judgment had been taken in the case, and on that date there was filed in the court an application to set aside this default judgment, which application contained reasons therefor. It concluded as follows :

"Affiant says that he believes that said administrator has a good and meritorious defense to. the maintenance of said action by the plaintiff, and asks therefore that the default taken therein be set aside ; that said administrator, through this affiant and the said Martin (another attorney), be permitted to amend the original motion filed by him in said action so as to make it represent the said administrator, and for such other steps as deemed by the administrator proper for the protection of the interests of the said estate and the said administrator, and for such other and further relief as seems to the court proper and right."

10—64 KAN.

On November 14, 1898, the administrator filed a motion to quash the summons served upon Becker, for the reason that the same was served while he was ''in the custody of the officers and exempt from such service.''

On November 22, 1898, this motion was by the court overruled, and thereafter upon due hearing the court rendered judgment for the plaintiff as prayed for in his petition and sustained the orders of attachment, and directed that the funds derived from the sale of the attached property should be applied to the payment of plaintiff's judgment. From this judgment the administrator, as plaintiff in error, comes to this court.

*Geo. A. Vandeveer,* and *F. L. Martin,* for plaintiff in error.

*James W. Clarke,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : The plaintiff in error in this case contends that the judgment cannot be sustained because no legal service of summons was ever made upon the intestate, John M. Becker ; that when service was made upon him he had been carried within the jurisdiction of the court against his will, and, being in the custody of the law, no legal service could be made upon him.

This question is quite elaborately argued by both parties to this action. It is also suggested by the defendant in error that, even if the contention of the plaintiff in error in this respect is correct, still the judgment of the court below must be sustained, because of the voluntary appearance of the administrator by the paper consenting to the revivor of the action

as against him, and by his motion filed on November 9, 1898, wherein he invoked the action of the court to set-aside the default judgment already rendered in the action, and asked "for such other and further relief as seems to the court proper and right."   If we shall admit that plaintiff in error is correct in his contention that the service of the summons upon Becker, made at the time it was, was not such as would bring him into court, yet it is clear that such exemption from service would be a personal one.   Such service is not absolutely void ; it would be good unless exemption therefrom be claimed.   While Becker, prior to his death, filed a motion to quash the summons as served upon him, no motion was filed to quash the second summons, unless the one of November 14 might be such, but prior to that time the plaintiff in error, as Becker's administrator, had voluntarily gone into court and consented to the revivor of the action as against him, and this without any objection whatever upon his part.   Then by his motion of November 9 he clearly submitted himself to the jurisdiction of the court and, without insisting upon any privilege which decedent might have had, asked therein for affirmative relief for himself.

It is well settled in this state that this cannot be done.   A party cannot at the same time challenge the jurisdiction of the court over him and also invoke the aid of the court in non-jurisdictional matters, and then, when the jurisdictional matter has been held against him, say that he was not in court.

In *Meixell v. Kirkpatrick*, 29 Kan. 683, this court states the rule as follows :

"A party who denies the jurisdiction of the court over his person must first present this single question. He may not mingle with his plea to the jurisdiction

other pleas which concede jurisdiction, and thereafter insist that there was error in overruling his plea to the jurisdiction.''

This has been followed by the court on several occasions since that time and is clearly the correct rule of law, and we think that in this case, both by his consent to the revival of the action in his name, and by his motion filed on November 9, he entered his voluntary appearance in the court, and from thence on was in court for all purposes.

Plaintiff in error, however, contends that, because the services of summons made upon Becker on April 25 and on June 13 were both void, Becker was not brought into court by reason of the service of such summons, and because the consent to the revivor was not made until more than sixty days after the filing of the petition, that therefore the attachment orders must fall, and cites the cases of *Jones v. Warnick*, 49 Kan. 71, 30 Pac. 115, and *Kincaid v. Frog*, 49 id. 766, 31 Pac. 704, in support of his contention. We think that neither of these cases is in point. In both, the rights of third parties who had become interested in the attached property were involved. These cases were clearly decided rightly under section 81 of the code of civil procedure (Gen. Stat. 1901, § 4515). In this case the rights of third parties had not intervened.

As we have suggested, the service of summons was at most only voidable. Neither Becker nor his personal representative need have availed themselves of such personal privilege if they had not so chosen. Plaintiff in error did not so choose, because, as we have seen, he made a general appearance in court. During all this time the action was pending and undisposed of.

Without passing upon the question as to whether Becker under the circumstances had a right to claim the privilege of exemption from summons, we do find that there was such an appearance by the plaintiff in error as to subject him to the jurisdiction of the court ; therefore the judgment rendered against him was correct and will be affirmed.

ELLIS, POLLOCK, JJ., concurring.