No. 18,893.

D. M. ROTHWEILER, *Appellee*, v. U. G. MASON et al., Partners, etc., et al. (W. L. JOHNSTON et al., *Appellants*).

OPINION DENYING A REHEARING.

HEADNOTE BY THE REPORTER.

ATTACHMENT — *Defective Affidavit — Amendment Regarded as Supplemental.* Where an affidavit for an attachment is defective and an amended affidavit is allowed, the amended affidavit will be regarded as supplemental to the first, and if together they state every fact necessary to justify the attachment the attachment will be sustained.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion denying a rehearing filed August 7, 1914. (For original opinion of affirmance see 92 Kan. 612, 141 Pac. 245.)

*I. O. Pickering,* of Olathe, and *Jay L. Oldham,* of Kansas City, Mo., for the appellants.

*William T. Jamison, J. G. Hutchison,* and *M. J. Ostergard,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MASON, J.: A petition for rehearing has been filed in which the contentions of the appellants are again presented with clearness and force. The court has given careful consideration to the argument made, but remains of its former opinion. One matter, however, which was argued at the original hearing, and is now more strongly urged upon our attention, requires further discussion. The appellants contend that the amended affidavit for attachment was fatally defective within the rule announced in *Robinson v. Burton,* 5 Kan. 293, that an amendment to an attachment affidavit, to be of any force, must relate to the time the original affidavit was filed—must speak in the past and

not the present tense.   In that case the original affidavit failed to state explicitly that the claim sued on was just.    The trial court held it insufficient.    An amended affidavit was filed which was held not to cure the defect, the reason being thus stated:

"It affirms that each of the plaintiff's claims *is.* just, but it does not show that said claims *were just at the time the original affidavit was filed."*   (p. 303.)

Of the original affidavit it was said in the opinion:

"It is even probable that the defect is not so fatal, that this court would hold the affidavit insufficient if the district court had held it sufficient.   .   .   .    Whenever there seems to be a studied effort to evade swearing to the bold and naked proposition that the claim is *just*   .   .   .    there seems to be an eminent propriety in the court requiring that the language of the statute be strictly complied with.   .   .   .    Of course, cases might arise, and probably do arise, in which the court would not be justified in being so scrupulously exact." (pp. 300, 302.)

It was also said in effect that the allowance or denial of a further amendment was a matter within the discretion of the trial court.

In the present case the district court held the defect in the first affidavit to be cured by the record.   And we think that ruling justified on this ground: The fault of the original affidavit was that it failed sufficiently to show the nature of the plaintiff's claim against the defendant Bauman.    The amended affidavit included these words: "That the nature of plaintiff's claims against the defendants, U. G. Mason and W. L. Johnston and Eugene Bauman, individually, is as follows:" Then followed a detailed statement of the facts upon which the plaintiff based his claim, giving the time of the sale alleged to have been fraudulently made to Bauman, which was in the month preceding the beginning of the attachment action.    Next it was said that Bauman had sold a part of the property, without indicating whether this was before or after the attachment was

Rothweiler v. Mason.

issued. The affidavit concluded with the averment in the present tense of the justice of the claim. Doubtless the affidavit would have been in better form if it had specifically given the dates of all the transactions, but we think in view of the ruling of the trial court it must be regarded as sufficient to sustain the attachment. The two affidavits must be considered and interpreted together. The second one must be regarded as supplementing the first. No statement sufficiently made in the first was required to be repeated in the second. If together they presented a sworn statement of every fact necessary to justify the attachment, that was sufficient. The first affidavit stated that the plaintiff's claim against Bauman was just and was due, at the time the action was begun, but did not sufficiently show its nature. The second affidavit undertook to remedy this by stating how the demand originated. We think the dates given were sufficient to show that it accrued before the filing of the suit. But in any event we consider that the original affidavit sufficiently alleged that the claim had already accrued, and the amended affidavit is to be regarded as supplying the necessary details as to the manner of its accrual.

The petition for a rehearing is denied.