No. 20,032.

THEODORE SCHULTZ, *Appellant* and *Appellee*, v. ALFRED STINER, *Appellee* and *Appellant*, and MAUD STINER et al., *Appellees*.

OPINION DENYING A REHEARING.

Appeal from Decatur district court; WILLIAM S. LANGMADE, judge. Opinion denying a rehearing and modifying original order filed May 6, 1916. (For original opinion see 97 Kan. 555, 155 Pac. 1073.)

*A. C. T. Geiger,* of Oberlin, and *R. W. Hemphill,* of Norton, for the plaintiff.

*J. P. Noble,* of Oberlin, for the defendants.

The opinion of the court was delivered by

MASON, J.: A judgment rendered in an attachment action was set aside by the trial court for the reason, among others, that the only service was by the publication of a notice which omitted a description of the attached property. In the original opinion it was said that this defect was remedied by a subsequent general appearance. In a petition for a rehearing it is urged that this appearance could not save the attachment, because, in order to make that valid, service must have been accomplished within sixty days. (*Kincaid v. Frog,* 49 Kan. 766, 31 Pac. 704.) Inasmuch as within that period a publication had been made, which although irregular was not void, the subsequent appearance operated to waive objections to it, thereby validating the attachment. This at all events would be true so long as no rights of third parties had intervened. (*Moses v. Hoffmaster,* 64 Kan. 142, 67 Pac. 469.) An objection is raised to the amended affidavit for attachment, for the reason that it contains no allegation of nonresidence—the ground relied

upon. That allegation was contained in the original affidavit, and did not require repetition. (*Rothweiler v. Mason*, 93 Kan. 4, 142 Pac. 267.)

In the original opinion it was said that judgment had been rendered confirming the attachment. This was true in a sense, as judgment was rendered against the defendant, who was in court only by virtue of the attachment; but the entry showed an order continuing the matter with respect to the foreclosure of the attachment lien. The point is now made that as to one tract of land the description in the sheriff's return is too indefinite to be effective. Other objections of a similar nature are also made. Such defects are not regarded as necessarily fatal (4 Cyc. 611), but as the trial court does not appear to have passed upon them, the order will be that the attachment shall be confirmed, the property to which it extends to be determined by that court.

The petition for a rehearing is denied.