Childers v. Tobin.

------

No. 23,752.

F. W. Childers, *Appellee,* v. James A. Tobin, *Appellant.*

SYLLABUS BY THE COURT.

1. CONTRACT—*Rebuilding Oil Rigs—Damage Asked for Delay—Damages Too Remote, Speculative and Uncertain.* In an action involving the amount due plaintiff for rebuilding two oil rigs on lands held by defendant under an oil and gas lease, the defendant contended that if the derricks had been erected a few days earlier he would have succeeded in selling oil and gas leases for $1,500. *Held,* that an objection was properly sustained to evidence in support of this claim on the ground that the damages sought to be established were remote, speculative and uncertain, there being nothing to show that the parties contemplated that a loss of such profits might be recovered for breach of the contract.

2. SAME—*Instruction Not Misleading.* The mere reference in the instructions to the fact that defendant claimed such damages did not authorize a recovery or make the evidence in support of such claim competent.

3. SAME—*Instructions.* The rule that instructions should be considered as a whole is applied, and *held,* that the jury were not misled by the instructions.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed May 6, 1922. Affirmed.

*J. M. Pleasant,* of El Dorado, for the appellant.

*J. B. McKay,* of El Dorado, for the appellee.

The opinion of the court was delivered by

PORTER, J.: James A. Tobin was the owner of two oil rigs or derricks located on leases near Towanda. He desired to have them erected on another location thirty miles distant. He and the plaintiff entered into a parol contract; the plaintiff agreed to rebuild the rigs for $400 each, and Tobin agreed to remove the material to the new location and also to pay for any new material necessarily furnished by the plaintiff. After the rigs had been rebuilt, Tobin refused payment and the plaintiff brought this action to foreclose mechanic's liens which he had filed upon the property. The jury returned a verdict in favor of the plaintiff on which judgment was rendered, and Tobin appeals.

The answer alleged that plaintiff agreed to build the derricks eighty-four feet high, but built them only seventy-two feet high, and that for this reason they were worth $140 less than the price agreed upon; that they were to be erected before the first of July, when defendant was to have prospective purchasers for interests in his leases, and for the purpose of making sales to purchasers. In a cross-petition, Tobin alleged that by reason of failure to build the rigs in the time agreed he sustained a loss in his business of $1,500. In the answer itself something like a dozen items of counterclaims were made on account of materials which defendant claims the plaintiff charged in his account which had not been furnished.

The plaintiff's evidence was to the effect that the first rig was erected about the 8th of July and as soon as possible after Tobin got the material to the new location; that the second was completed about the first of August; that the delay in the first was caused by the failure of Tobin to have the material on the ground earlier; when the first rig was completed the material for the second was not on hand. He denied that it was agreed that the rigs were to be built at any specified time, and testified that the ends of some of the lumber had been broken off in dismantling; for that reason one of the rigs was made seventy-four feet while the other was eighty feet high; that ninety per cent of the rigs in that field are seventy-four feet in height; that he never had built one eighty-four feet high, and did not agree to build these to that height.

Childers v. Tobin.

The principal contention is that the court excluded competent evidence to the effect that the defendant had not been able to sell oil and gas leases because the rigs were not constructed within a specified time. Aside from the fact that plaintiff's evidence would sustain a finding against the contention that there was an agreement to have the rigs completed by July 1, or that there was any unnecessary delay on plaintiff's part, there was no claim that drilling operations were delayed. The sole contention is that if the derricks had been erected earlier the defendant would have succeeded in selling oil and gas leases for $1,500. The objection was sustained on the ground that the damages sought to be established were remote, speculative, and uncertain. The ruling was correct. Nothing in the testimony tends to show that the parties contemplated that a loss of profits of this character might be recovered for a breach of the contract. As said in *Artwein v. Link,* 108 Kan. 393, 195 Pac. 877:

"Any increase in the value of the leases on account of a well being drilled on or near them was wholly a matter of conjecture and speculation. Purchasers for the leases might or might not have been found; but even if found, there is no way of showing what they would have been willing to pay." (p. 396. And see authorities cited in the opinion.)

There was no evidence to show that a loss of such profits was the natural and probable consequence of a failure to have the derricks completed by a specific date.

In outlining the issues the court, in the instructions, mentioned the fact that defendant claimed damages in his cross-petition to the amount of $1,500 for failure to have the derricks completed within a specified time. It is claimed that by this instruction and another general instruction permitting the jury to allow the defendant credit for any items claimed in his cross-petition, the court authorized a recovery upon this claim, and whether right or wrong, made it the law of the case. The rule is that the instructions should be considered as a whole; and while it may be said that in view of the court's ruling rejecting evidence as to the $1,500 loss, it would have been better not to have mentioned that claim in the instructions, yet, having sustained the objection to such evidence, the instructions to allow the defendant credit for any of the items in the cross-petition must be understood to refer to those items only upon which evidence had been admitted. We do not believe the jury were misled by the instructions. The defendant requested no instructions, and made no objections to the ones given.

The judgment is affirmed.