No. 30,189.

R. L. Wyckoff, *Appellee*, v. Charles W. Brown, *Appellant*.

(11 P. 2d 718.)

Opinion filed June 4, 1932.

*E. D. Mikesell*, of Fredonia, for the appellant.

*John Bertenshaw* and *Kirke C. Veeder*, both of Independence, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action to recover money due for services in drilling an oil and gas well.

It appears that defendant owned some oil and gas mining rights in some Wilson county lands. He hired plaintiff to drill some wells for him at an agreed compensation of 90 cents per foot. Extra charges of $25 per day for certain services which sometimes arose in finishing such wells were stipulated. The producing horizon in that locality was in a so-called New Albany sand reached at a depth of 452 to 660 feet. Plaintiff drilled one well to a depth of 439 feet and was paid therefor. He drilled a second well to a depth of 479 feet and received the agreed compensation of 90 cents per foot. A dispute arose between the parties touching plaintiff's per diem charge of $177 for extra services in finishing this second well. Defendant resisted that claim and asserted that plaintiff had used too strong a charge of dynamite in bringing in the well and had thereby ruined it, to defendant's damage in a similar sum of $177. This dispute, however, did not prevent the parties from making an agreement that another well should be drilled. Accordingly a third well was drilled to a depth of 512 feet. Payment therefor was refused and plaintiff brought this action to recover on the disputed item of $177, and for drilling the third well, $460.80, a total of $637.80.

Defendant's answer alleged that the disputed claim and counterclaim of $177 was waived by plaintiff and defendant in the agreement that the third well should be drilled, and that by that agreement plaintiff also bound himself to drill the well to any depth defendant desired, at 90 cents per foot, but not to exceed 1,000 feet. He also alleged that when the depth of 512 feet was reached, plaintiff declined to drill deeper unless defendant would pay him $1.65 per foot; and that defendant declined to pay such price; and plaintiff moved his drilling rig, leaving the well unfinished and causing damages to defendant in the sum of $774.20.

Jury trial, verdict and judgment for plaintiff as prayed for, and appeal by defendant.

In the course of the trial, either by abandonment or by the jury's verdict, the controverted issues raised by the pleadings disappeared; and the only error assigned by defendant relates to the sustaining of plaintiff's demurrer to defendant's evidence in support of his claim for damages because of plaintiff's refusal to drill the third well to a depth of 1,000 feet.

It is not clear that this question is open to review. According to plaintiff's evidence, when the depth of 512 feet had been reached, defendant directed plaintiff not to go any deeper. Another witness

testified, "Wyckoff asked Brown if he wanted to go on down, and Brown said, 'No, quit it.'" While defendant denied that conversation, it is manifest from the verdict that the jury gave it credence. The instructions are not submitted for our inspection, but we are bound to assume that they adequately dealt with the legal consequence which hinged on the jury's determination of that issue of fact. And if defendant did tell Wyckoff to quit at the 512-foot level, any and all questions of damages for his alleged failure to drill to any greater depth went out of the case.

Passing that point, it is clear, we think, that defendant's evidence did not support a claim for damages for plaintiff's failure to drill to a depth of 1,000 feet. Even defendant's testimony did not show that plaintiff bound himself to drill to that depth. According to that testimony it was to be left to defendant's discretion how deep the well should be drilled. Now, out of his own cerebral processes he in effect says his discretion would not have called a halt on the drilling until the full depth of 1,000 feet had been drilled. Yet the maximum depth of the oil- and gas-bearing sand in that locality was 660 feet. Defendant cannot say what any additional depth, if any, would have developed production of oil or gas. He certainly would have wanted drilling to stop if and when production was reached; and naturally he would have required drilling to stop if or when the geological structure showed that no production was in prospect. Surely such an indefinite contract, if made, could not be the basis of an action for damages. Moreover, no damages were shown. Defendant testified that if he should procure another driller and drilling outfit it *would cost* various substantial items of expense, but he never did expend any money for the further drilling of this well. So he failed to show any recoverable damages against plaintiff. If the contract was as testified by defendant, it was too indefinite to be enforced. If it was not subject to that infirmity, the damages pleaded were in fact never sustained, and were altogether too speculative to be the basis of a recovery. (*Artwein v. Link,* 108 Kan. 393, 195 Pac. 877, and citations; *Childers v. Tobin,* 111 Kan. 347, 206 Pac. 876.)

The judgment is affirmed.