No. 31,552

The Farmers State Bank of Ellis, *Appellee*, v. Mary A. Crawford (Charles W. Crawford, George N. Crawford, William A. Crawford and Mary Ruth Herring, *Appellants*).

(37 P. 2d 14)

Opinion filed November 3, 1934.

*George W. Holland,* of Russell, and *John R. Parsons,* of Wakeeney, for the appellants.

*W. H. Wagner,* of Wakeeney, and *W. L. Sayers,* of Hill City, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This action was begun to cancel a deed which the

defendant, Mary A. Crawford, had executed to her three sons, and which purported to convey to them certain lands in Trego county to which plaintiff claimed title under a sheriff's deed issued to it pursuant to the sale of those lands in foreclosure.

By consent of the litigants the action was resolved into one in ejectment. Mary A. Crawford disclaimed, and at the conclusion of the evidence, on motion of plaintiff, the jury was directed to render a verdict in favor of plaintiff.

The defendants other than Mary A. Crawford appeal, assigning certain errors, the first of which pertains to the overruling of their motion for a continuance on the ground that one of their attorneys had business in the probate court of a neighboring county when this case was called for trial.

It has long been settled law that the granting or refusing of a continuance is a matter committed largely to the discretion of the trial court (*Davis v. Wilson,* 11 Kan. 74, syl. ¶ 3). Unless abuse of such discretion is made to appear, no reversible error can be predicated on the trial court's ruling on this matter. Certainly the absence of an attorney does not necessarily require that a continuance be granted when associate counsel competent to represent the party seeking the continuance is in attendance. (*State v. Sweet,* 101 Kan. 746, 752, 198 Pac. 1112; *Berry v. Dewey,* 102 Kan. 593, 172 Pac. 27.) In this case it does not appear that the absence of one of defendants' attorneys prejudiced them in the slightest degree.

The second and third assignments of error relate to the instructed verdict and the overruling of the motion for a new trial. But counsel for the appellee raise the point that these assignments are not open to review because no transcript of the record was prepared as the code provides, and, in consequence, the abstract is incomplete. This point seems to be insurmountable. Counsel for appellants say that their partial record shows that they adduced sufficient evidence to require the cause to be submitted to the jury no matter how potent and convincing the evidence which may have been adduced to the contrary. But without the whole record being available for appellate review this court cannot assuredly determine the propriety of the trial court's rulings. As a general rule any so-called "trial error" is not reviewable without a complete transcript of the record, and an abstract based thereon, which will fairly reflect the entire situation as it appeared to the trial court when it made the ruling

complaine'd of. In respect to an incomplete record it sometimes happens that the rival litigants agree on the question of law or of fact on which the ruling was made, and thus the record prepared for this court can be greatly shortened. But here the briefs of counsel make it clear that they disagree on such simple matters of fact as the one whether a deed of conveyance from Mary A. Crawford to the plaintiff bank was offered in evidence. This sort of situation in appellate practice has been covered by many prior decisions of this court.

In *Wyckoff v. Brown*, 135 Kan. 467, 11 P. 2d 718, 720, it was said:

"Where appellee objects to the sufficiency of a record whose accuracy is dependent on the recollection of appellant's counsel of what transpired at the trial, a record so limited will not permit an unrestricted appellate review." (Syl. ¶ 1.)

In the opinion it was said:

"It is a matter of familiar appellate procedure that a litigant who is dissatisfied with the disposition of a cause in the trial court must see that such a record is made as will enable this court to review the errors of which he complains. There are certain approved methods of shortening a record for appellate review (*Seigle v. Soldiers' Compensation Board*, 119 Kan. 253, 254, 237 Pac. 657, and citations; *Richards v. Kansas Electric Power Co.*, 126 Kan. 521, 526, 268 Pac. 847, and citations). But a record which is founded on what appellant's counsel remembers of the trial court's proceedings will not answer the purpose, especially when the appellee objects to its sufficiency. (*Holderman v. Hood*, 78 Kan. 46, syl. ¶ 1, 96 Pac. 71; *Buckwalter v. Henrion*, 111 Kan. 781, 208 Pac. 645; *Lambert v. Rhea*, 134 Kan. 10, 4 P. 2d 419.)" (p. 468.)

The court holds that the record in this case is insufficient to present for appellate review the second and third assignments of error. and the judgment is therefore affirmed.