32,783

Dora Shreve, *Appellant*, v. Joseph H. White et al., *Appellees.*

(57 P. 2d 24)

Opinion filed May 9, 1936.

*William Strahan,* of Troy, *B. L. Kaufmann* and *Ronald S. Reed,* both of St. Joseph, Mo., for the appellant.

*A. O. Delaney, Jr.,* of Troy, for the appellees.

The opinion of the court was delivered by

Smith, J.: This was an action in ejectment. Judgment was for defendant. Plaintiff appeals.

The tract of land, the right to possession of which is in dispute, consisted of accretions to a fractional lot near the Missouri river in Doniphan county. The petition alleged that plaintiff was seized in fee of the fractional lot that had been surveyed when the state was surveyed and also of a certain tract, describing it, consisting of 100 acres, more or less, which was accretion to the fractional lot and that defendant was unlawfully withholding possession from her. The petition prayed for the recovery of the premises and for damages for withholding same.

Defendant answered first with a general denial. The answer further alleged that defendant was in possession of part of the land described in the petition. The answer alleged further that he and his immediate grantors had been in open, notorious and adverse possession of the land and exercising ownership thereover for more than fifteen years prior to the bringing of this action. The answer then alleged that in 1915 William Ogden was in possession of the real property in question, and that during the year 1918 defendant purchased the property of Ogden and that since that time defendant had spent money improving same and for more than twenty years defendant had been operating the property as a farm. The answer made the following allegation:

"That during said time and for more than fifteen years, next, last past, prior to the commencement of this. action this answering defendant has operated

said farm land, improved the same in a manner becoming a diligent farmer, all with no objections or outcry from the plaintiff; that the plaintiff has lived in the city of White Cloud for more than twenty years, next, last past, prior to the commencement of this action, knew of the circumstances surrounding the real property which is the subject of this action and permitted the plaintiff to stay in possession of said real property and improve the same as heretofore alleged without objection on her part; that the plaintiff is guilty of laches in that she has for so many years knowingly and without objection permitted this answering defendant to be in possession of said real property, and that by reason thereof, is not entitled in law or equity to maintain this action and is estopped from maintaining this action."

Plaintiff filed a reply to this answer in which she pleaded a general denial.

It will be seen that the pleadings made out a case where plaintiff was claiming title to real estate because it was an accretion to a lot owned by her, and defendant was claiming it by reason of adverse possession.

The case was submitted to a jury. A verdict was returned in favor of defendant. Judgment was entered in accordance with this verdict. From that judgment this appeal is taken.

The first error of which plaintiff complains is that the court should have sustained her motion for a directed verdict at the close of all the evidence for the reason that defendant failed to meet the requirements of the law necessary to establish title in him by adverse possession. Plaintiff cites authorities and argues that defendant did not meet the requirements there laid down. The trouble with that argument is that plaintiff failed to bring the evidence in the case to this court. There is no way for this court to ascertain whether there was evidence to support the verdict unless the evidence is presented to it. This fact would be sufficient to prevent the question being reviewed by this court. The fact is, however, that the defendant in his brief furnished sufficient evidence from which it must be concluded that there was sufficient evidence to warrant the trial court in submitting this question to the jury.

The plaintiff next complains that the court erred in giving instruction number 12. This was an instruction wherein the trial court instructed the jury as to the defense of laches in a case of this kind. The argument of plaintiff is that since the defense of laches was not pleaded there should have been no instruction on the subject, since the giving of such an instruction tended to confuse the jury. It will not be necessary to decide whether the portion of the answer that

has been quoted pleaded the defense of laches sufficiently. The fact is that an examination of the instruction of which complaint is made discloses that the court instructed the jury that in event the other elements of laches were present the plaintiff would not be barred on account of laches unless she waited fifteen years to bring the action, as required by the statute of limitations. Since this was the same period of time which defendant had to be in possession of the land in order to acquire title to the land by adverse possession, the plaintiff was not prejudiced by the instruction.

Plaintiff next argues that the court erred in giving instruction number 2, wherein the burden of proof was placed on the plaintiff, and in refusing to give offered instruction number 6, which would have placed the burden of proof on the defendant. Here again it is impossible for this court to say whether error was committed when the evidence is not brought before it. From as much of the record as is brought before us it does not appear that plaintiff was prejudiced by the instruction as to burden of proof.

The defendant next argues that the court erred in refusing to give offered instruction number 7. This instruction dealt with the elements necessary to be proved to establish title by adverse possession. The court covered this subject in instruction number 11 in a better manner than it was covered in the offered instruction.

It does not appear that any erorr was committed by the trial court, and the judgment is affirmed.