No. 33,799

Paul Mercer, *Appellee*, v. James N. Kirkwood and Hortense Kirkwood, His Wife, *Appellants*. (Mid-Continent Federal Savings and Loan Association et al., *Appellees;* R. G. Kirkwood, *Cross-appellant*.)

(77 P. 2d 929)

Opinion filed April 9, 1938.

*R. C. Woodward* and *H. Pauline Woodward,* both of El Dorado, for the appellants.

*J. B. McKay,* of El Dorado, for appellee Mid-Continent Federal Savings and Loan Association.

The opinion of the court was delivered by

Dawson, C. J.: This action was begun to foreclose a mechanic's lien on a parcel of land in El Dorado. Other lien claimants came into the litigation; also, the party which held a mortgage on the property.

Issues were joined, and the trial court adjudicated the claims of the various litigants, giving precedence to some of them; and ordered foreclosure of the mortgage, and gave a money judgment in favor of certain other parties to the litigation.

The only matter presented for our review relates to the trial court's order which fixed a period of redemption after sale in foreclosure at six months. That order was based on the trial court's finding of fact, which reads:

"8. The court further finds that said mortgage was given for the purchase price of said real estate and the improvements to be erected thereon, and was and is a purchase-money mortgage within the meaning of the statute relating thereto, and that default has been made in the conditions of the said mortgage before one third of the purchase price of said real estate and said improve-

ments has been paid by the defendant James N. Kirkwood, and that the period of redemption should accordingly be limited to six months from the date of sale."

Appellants argue that the mortgage was not given for the purchase price; and if it were, that more than one third of the purchase price had been paid, so as to entitle them to eighteen months to redeem the property.

In support of these contentions appellants direct our attention to an abstract based on a partial and altogether incomplete transcript of the record. Appellees object to its consideration. Counsel for appellants would assure us that the portion of the record they have had transcribed and abstracted is all we need to determine the single question we are asked to review. That does not appear. Where no complete transcript of the evidence is forthcoming, a challenged finding of fact made by the trial court is not open to appellate review. This rule is one of logic as much as it is of law. How could this court say that the trial court erred in its finding of fact without a complete record being available to determine the point? In *Farmers State Bank v. Crawford,* 140 Kan. 295, 37 P. 2d 14, it was said:

"As a general rule any so-called 'trial error' is not reviewable without a complete transcript of the record, and an abstract based thereon, which will fairly reflect the entire situation as it appeared to the trial court when it made the ruling complained of. In respect to an incomplete record it sometimes happens that the rival litigants agree on the question of law or of fact on which the ruling was made, and thus the record prepared for this court can be greatly shortened." (p. 296.)

Among other decisions holding that a review of a finding of fact cannot be had where no transcript or only an incomplete transcript of the evidence has been supplied by the appellant, are the following: *King v. Stephens,* 113 Kan. 558, 215 Pac. 311; *Amusement Syndicate Co. v. Martling,* 118 Kan. 370, 235 Pac. 126; *Shreve v. White,* 143 Kan. 838, 839, 57 P. 2d 24. See, also, *Richards v. Kansas Electric Power Co.,* 126 Kan. 521, 526, 268 Pac. 847; *Putnam v. City of Salina,* 136 Kan. 637, 641, 642, 17 P. 2d 827.

Another objection is interposed to this appeal based on appellants' failure to set out a formal specification of error as required by the rules of appellate practice. (G. S. 1935, 60-3826, Rule 5; *Townsend v. Railway Co.,* 86 Kan. 972, 122 Pac. 1119.) Passing that point, however, since the one error urged on our attention is not open to review because of the insufficiency of the record, the appeal will have to be dismissed. It is so ordered.