No. 39,260

LAWRENCE MATTHEWS, SR. and LAWRENCE MATTHEWS, JR., Co-partners, doing business as LAWRENCE MATTHEWS & SON, *Appellees,* v. F. L. JACKSON, Trustee and Agent of the Newton Oil and Gas Company of Newton, Kansas, a Co-partnership; GILBERT SWANK, F. L. JACKSON, GUY M. HAZARD and THE CITIZENS STATE BANK OF EL DORADO, KANSAS; NEWTON OIL AND GAS COMPANY OF NEWTON, KANSAS, *Appellants.*

(271 P. 2d 798)

Opinion filed June 12, 1954.

*J. Wirth Sargent* and *James W. Sargent*, both of Wichita, argued the cause, and *W. D. Jochems, Emmet A. Blaes, Roetzel Jochems, Robert G. Braden, S. C. Durbin, J. Francis Hesse* and *Stanley E. Wisdom*, all of Wichita, were with him on the briefs for the appellants.

*Robert M. Bond*, of El Dorado, argued the cause and *L. J. Bond*, of El Dorado, was with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover money on a written contract. Judgment was for plaintiffs. Defendants have appealed.

The action was by one partnership against another partnership and certain other individuals.

The petition alleged that plaintiffs' residence was Butler county, Kansas; that defendant Jackson was the agent of a partnership, the Newton Oil and Gas Company, whose address was Newton; that Jackson, Swank and Hazard were members of the partnership; that defendant Citizens State Bank of El Dorado was escrow agent under the terms of a written contract, by the terms of which plaintiffs agreed to complete an oil and gas well, which contract was attached to the petition; that pursuant to the contract $3,000 was deposited in defendant bank by the Newton Oil and Gas Company, and plaintiffs pursuant to this contract moved their machinery on the lease and proceeded to do the work, in accordance with its terms. The petition then referred to two earlier supplemental contracts between the parties and copies of all three were attached to the

petition; that plaintiffs had fully complied with all the contracts and defendants refused to pay them money due them by their terms; that plaintiffs were entitled to the $1,000 remaining in escrow and $2,430 additional for day work and shut-down time; and were entitled to an order directing the bank to pay plaintiffs $1,000 then in escrow; that plaintiffs were ready and willing to pull the pipe and put it on top of the ground in accordance with the third supplemental contract, but defendants refused to carry out its terms.

Judgment was prayed against the partnership and the individual defendants in the amount of $3,430, and further that the $1,000 in escrow in the bank be ordered paid to the plaintiffs and credited upon sums due from the other defendants.

The petition referred to three contracts, each of which was attached. Only the last of these, however, under date of July 10, 1951, is brought here in the record. It referred to the other contracts and stated that a controversy had arisen between the parties and that the defendants agreed to pay plaintiffs $500 in cash in full settlement for all work done to date, and authorized the escrow bank forthwith to pay plaintiffs $2,000 of the $3,000 in escrow and that the bank should retain the balance of $1,000 to be paid plaintiff on completion of the work and the bank should also deliver to plaintiffs an assignment for a one-sixteenth interest in the leases of defendants. The contract further provided that plaintiffs agreed to lift the casing in the well so that the pipes might be cemented to keep out the water; and to drill out the cement and to plug and swab the well for four consecutive days, and plaintiffs would not be entitled to any additional charge for that work, but all expense of the cementing should be borne by defendants; that if the well should be a dry hole plaintiffs should pull the pipe and put it on top of the ground and the cost incidental to this should be borne by defendants; that plaintiffs would carry out the terms of the contract and would not abandon the work before completion, but would not be responsible for delay caused by defendants.

The answer of the bank admitted the making of the contracts and that it had in its possession $1,000 as escrow agent; and alleged that plaintiffs should be put on strict proof as to the balance of the petition.

The defendant partnership and its alleged agent filed a motion to quash the summons for the reasons that they were residents of Harvey county and venue of the action was in Harvey county, not But-

ler; that defendant Swank was only a nominal party for the purpose of jurisdiction and not a necessary or proper party to the action; that the defendant bank was a nominal and not a necessary party. Similar motions were filed by Swank and Hazard. These motions were all overruled.

Thereupon an amended petition was filed whereby plaintiffs alleged themselves entitled to $12,000 in addition to the $1,000 escrow money for shut-down and working time after defendants had violated the terms of the contract and refused to allow plaintiffs to move their equipment; the amended petition again alleged plaintiffs were entitled to the $1,000 escrow money.

Judgment was prayed against all the defendants for $13,000 and that $1,000 in the bank be ordered paid on the judgment.

Defendant Swank answered denying that he was a member of any partnership and denying that he was indebted to plaintiff in any sum whatever; defendant Hazard denied that he was a member of any partnership known as the Newton Oil and Gas Company or any other partnership transacting business with plaintiffs and denied that he was indebted to plaintiffs in any sum whatever.

As a result of motions to make definite and certain the defendants the partnership and certain individual defendants, filed a second amended answer and a cross petition in which they admitted the execution of the contracts and the deposit of the $3,000 in the bank The answer then alleged that at the time of the execution of the con-tracts plaintiffs knew that at the bottom of the hole a bailer had been lost and could not be recovered and falsely represented to defendants that the hole could be swabbed in accordance with the contracts and these representations were made to defraud the defendants of the balance deposited, defendants having no knowledge of these facts and believing the representations were induced to execute the third contract; that immediately upon discovery of these facts defendants gave plaintiffs instructions to remove their rig from the premises and released them from any duty under the contract, but plaintiffs refused to remove their rig. For further answer and cross petition against plaintiffs the defendants incorporated the allegations of the answer and alleged that by reason of the false representations that the well could be swabbed the defendants suffered a loss of $30,000, representing the cost of the purchase of the well in the sum of $22,500 paid for the well and $7,500 paid to the plain-

tiffs for additional work; that on account thereof plaintiffs were not entitled to judgment directing the bank to pay them the $1,000 in escrow and defendants were entitled to judgment against plaintiffs for $30,000. Judgment was prayed in that amount.

The reply and answer of the plaintiffs was a general denial. The reply of defendants was a general denial.

The case was submitted to the trial court without a jury. At the close of plaintiff's evidence the defendant partnership's demurrer to it was overruled. The demurrer of Swank to the evidence was sustained. The plaintiffs demurred to the evidence offered by defendants in support of their cross petition and this demurrer was taken under advisement by the court.

Plaintiffs were given leave to amend their amended petition by asking for judgment for the reasonable value of the use of their equipment to conform to evidence in the case.

The trial court found the issues in favor of the plaintiffs, ordered the defendant bank to pay plaintiffs the $1,000 on deposit and gave plaintiffs an additional judgment in the amount of $7,500 and further found that defendants were not entitled to any relief against plaintiffs on their cross petition.

The trial court further ordered that plaintiffs should proceed to pull the casing in the well and place it on the ground in accordance with the terms of the contract, but plaintiffs should not be required to do so unless notified in writing by defendants on or before a certain date and if no notice was given by defendants, plaintiffs should remove their equipment and should not be liable to defendants.

Defendants moved for a new trial on the grounds of abuse of discretion by the trial court; misconduct of prevailing party; accident and surprise; defendants not afforded a reasonable opportunity to present their evidence; erroneous rulings; the verdict was given under the influence of passion and prejudice; and the verdict in whole or in part was contrary to the evidence.

The plaintiffs filed a motion for a new trial on the question of damages only. These motions were all overruled.

The notice of appeal was to the partnership and no other parties. In it the defendants appealed from the judgment whereby it was decided that defendants were indebted to plaintiffs for $8,500, including the $1,000 in escrow in the bank, and from all adverse decisions.

Defendants argue first, that the trial court erred in overruling their motions to quash the summons and their motions to dismiss for lack of jurisdiction. They point out the partnership was a resident of Harvey county and service on it could only be had in that county, and that the trial court overruled the motion to quash because it considered either the bank or Swank to be necessary parties to the action. Defendants point out that the bank's only interest in the litigation was that there be a correct determination of the controversy. Defendants' argument is that such interest was not sufficient to confer jurisdiction on the district court of Butler county. The statute in question is G. S. 1949, 60-509. It provides as follows:

"Every other action must be brought in the county in which the defendant or some one of the defendants reside or may be summoned."

There can be no doubt but that the bank was named a defendant and that the county of its residence and where it could be summoned was Butler.

Defendants argue that there was no joint liability of the partners and the bank and that before service on a resident defendant can serve to confer jurisdiction on a court over a nonresident defendant there must be joint liability.

There is another point with which we must deal before we consider the merits of the above argument. Plaintiffs argue that there is no appeal in this court because no notice of appeal was served on the bank. The petition asks amongst other things that the bank be ordered to pay the $1,000 in escrow with it to plaintiff to apply on the judgment. The contract makes it clear how this $1,000 happened to be in escrow. The trial court gave judgment for $8,500 and ordered the bank to pay from this amount $1,000 to plaintiffs. Defendants appealed from all the judgment. They did not, however, serve any notice of appeal on the bank. The bank was a party to the action. The judgment ordered it to pay the $1,000 to plaintiffs. The statute in question is G. S. 1949, 60-3306. It provides:

"Appeals to the supreme court shall be taken by notice filed with the clerk of the trial court, . . . A copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, . . ."

G. S. 1949, 60-3310, provides:

"Any notice of appeal may be amended at any time by bringing in additional parties or otherwise, before the hearing, as to the appellate court may seem fit, . . ."

This appeal was argued on May 3, 1954. At the oral argument we were advised that appellants had earlier that day filed a motion to amend the notice of appeal by making the bank a party. They had served a copy of this motion on opposing counsel the day before. We permitted the appeal to be argued on its merits and at the same time this motion was argued. At consultation we considered the motion. Without deciding the interesting question of whether the bank was a necessary party to the appeal, we have decided following *Grant v. Reed*, 163 Kan. 105, 179 P. 2d 945, to allow the amendment. Accordingly, we shall proceed with consideration of the merits of the appeal as though the notice of appeal had been served on the bank in the first place.

The defendant partnership argues first the trial court erred in overruling its motion to quash the summons. The statute involved is G. S. 1949, 60-509, already quoted in this opinion. Defendants argue that where a defendant is made a party merely to confer jurisdiction on the court in whose jurisdiction he resides in order to confer jurisdiction over a co-defendant who does not reside in the jurisdiction, the resident defendant must have a real and substantial interest in the subject of the action adverse to the plaintiff and it must be possible for the plaintiff to obtain substantial relief against such defendant. They argue the bank in this action did not meet the above requirements and was a mere nominal party. Such was the ground upon which their motion to quash the summons was based.

We find it unnecessary to decide that question in view of this record. After the motions to quash had been ruled upon, the plaintiffs filed an amended petition. To this amended petition the defendant partnership filed an amended answer and cross petition. This cross petition asked for affirmative relief in the form of a judgment for $30,000 against plaintiffs for false representations.

*Thompson v. Greer*, 62 Kan. 522, 34 Pac. 48, was a case a great deal like this. The defendant had filed a motion to dismiss because the action was improperly brought in his county. The trial court overruled that motion and when the final judgment was appealed, we held it should have been sustained. We, however, pointed out in the opinion that the defendant later filed an answer to the plaintiff's petition and also filed a counter claim for damages against the plaintiff. We said:

"The defendant below, however, was not content to place himself in a position of merely resisting a recovery by the plaintiff of the amount for which he sued, but on the other hand sought to establish against the plaintiff below an affirmative judgment amounting to $3650 more than the plaintiff Greer claimed that Thompson owed him for feeding the cattle under the contract. As to this $3650, the defendant below went into the forum where the plaintiff had commenced his action and by filing his cross-petition invoked the action of the court in his own behalf. He was not satisfied with protecting himself with a shield, but attacked his adversary with a sword. His claim for relief placed him in the same position as if he had brought an independent action against Greer for the $3650, making a voluntary choice of the tribunal in which he desired to establish his claim."

See, also, *Moses v. Hoffmaster*, 64 Kan. 142, 67 Pac. 459; *Woodhouse v. Land & Cattle Co.*, 91 Kan. 823, 139 Pac. 356; *Clark v. West*, 111 Kan. 83, 206 Pac. 317; and *Butter Tub Co. v. National Bank*, 115 Kan. 63, 222 Pac. 754.

The latter case contains a number of citations of similar decisions of this court.

On this account any deficiency in the summons and the lack of jurisdiction of the court was waived by the defendant corporation when it filed the cross petition and asked for judgment against the plaintiff. By so doing, the defendant partnership conferred jurisdiction on the trial court to adjudicate the entire matter.

The defendant next argues, the court erred in awarding the judgment of $7,500. They base this argument on three grounds— (1) that the judgment was not in conformity with the evidence provided at the trial; (2) that the plaintiff's own evidence showed conclusively that no effort was made by plaintiffs to mitigate their losses; and (3) the evidence showed the defendants waived the requirements of the contract, the terms of which require plaintiff to pull the casing in the hole. In dealing with this argument we are confronted with a somewhat perplexing situation. Counsel for the appellee points out first the provisions of G. S. 1949, 60-3311. This statute provides as follows:

"Either party to any case tried in a court of record having an official stenographer may direct such stenographer to transcribe and certify to the correctness of all of the stenographer's notes of the testimony and proceedings in the case or any such part as such party may designate, and such transcript shall be made, certified and filed with the clerk of such court on payment to such stenographer by the party ordering the same of the costs of such transcript, and such transcript shall thereupon become a part of the record in the cause, subject to amendment and correction by the trial court or judge."

Counsel for the appellees state that the transcript in this case was never filed with the clerk of the district court as that statute provides it should be. Counsel for the appellants admit it was not filed on account of oversight. They state, however, it was delivered to the clerk on April 25, 1954, and filed in the clerk's office on April 26, 1954, early in the morning and prior to the argument. They make the point that the statute itself does not say at what time the transcript was to be filed. They insist they had the transcript in their possession at all times and had counsel for appellees wished this, they could have obtained it by requesting it from appellants. We have held that compliance with G. S. 1949, 60-3311, should be had and in any event the failure to file it would limit the scope of the review. See *Mercer v. Kirkwood,* 147 Kan. 637, 77 P. 2d 929; *Barker v. Chicago, R. I. & P. Rly. Co.,* 158 Kan. 549, 148 P. 2d 493; and *Farmers State Bank v. Crawford,* 140 Kan. 295, 37 P. 2d 14. The argument that this failure is not available to appellees because they could have obtained the transcript by requesting it of counsel for the defendants is not good. The statute makes it clearly the duty of counsel for appellants to file the abstract with the clerk of the court so it is available for the counsel for the appellees if they wish to make use of it. The duty rests upon the counsel for the appellants to do this. It appears in this case there was a change in counsel between the time the case was tried in trial court and the appeal was taken. This might account for the failure to file the transcript but it is not a valid excuse.

However, as to the first argument of appellants that the judgment for $7,500 was not in conformity with the evidence, the abstract is sufficient so that we can say there was substantial evidence to sustain the judgment of the trial court in that respect.

As to the second ground that the plaintiffs' own evidence showed conclusively that no effort was made to mitigate the plaintiffs' loss, we cannot give the evidence furnished by the plaintiffs that construction. Neither can we find it shows the defendants waived the requirement of the contract, the terms of which required plaintiffs to pull the casing in the hole. We hold there was substantial evidence in the abstract to sustain all the findings.

The judgment of the trial court is affirmed.